Docket No. 103693.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JAHMAL PERKINS, Appellee.

*Opinion filed November 29, 2007.–Modified on denial of rehearing May 27, 2008.*

JUSTICE KILBRIDE delivered the judgment of the court, with opinion.

Chief Justice Thomas and Justices Fitzgerald, Garman, and Karmeier concurred in the judgment and opinion.

Justice Freeman dissented, with opinion, upon denial of rehearing, joined by Justice Burke.

## OPINION

The circuit court of De Kalb County dismissed as untimely Jahmal Perkins' postconviction petition. The appellate court vacated the dismissal of the petition and remanded for further proceedings, holding that postconviction counsel failed to comply with Supreme Court Rule 651(c). 367 Ill. App. 3d 895, 906-08. Rule 651(c) mandates, in pertinent part, amendments to *pro se* postconviction petitions that are "necessary for an adequate presentation of petitioner's contentions." 134 Ill. 2d R. 651(c). We allowed the State's petition for leave to appeal. 210 Ill. 2d R. 315(a).

In this appeal, we consider whether Supreme Court Rule 651(c) requires postconviction counsel to allege any facts necessary to excuse a late filing. We hold that Rule 651(c) requires amendment of an untimely petition to allege any available facts showing the delay in filing was not due to the petitioner's culpable negligence in an effort to excuse the untimely filing. We conclude that appointed counsel complied with Rule 651(c) in this case. Accordingly, we reverse the judgment of the appellate court and affirm the circuit court's judgment dismissing the postconviction petition as untimely.

## I. BACKGROUND

Following a jury trial, petitioner was convicted of armed violence, home invasion, residential burglary, and aggravated battery. 720 ILCS 5/33A–2, 12–11(a)(1), 19–3, 12–4(b)(1) (West 1996). The trial court sentenced him to concurrent terms of 24 years' imprisonment on the armed violence, home invasion, and residential burglary convictions, and 5 years' imprisonment on the aggravated battery conviction.

The appellate court vacated petitioner's convictions of armed violence and residential burglary based on a violation of the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, §11). The appellate court directed the circuit court clerk to amend the mittimus to reflect a single sentence of 24 years' imprisonment for home invasion and a concurrent 5-year sentence for the aggravated battery conviction. *People v. Perkins*, No. 2–98–1294 (2001) (unpublished order under Supreme Court Rule 23).

Petitioner subsequently mailed a postconviction petition and a "Petition to Vacate the Void Sentencing Judgment" to the trial court. In his postconviction petition, petitioner alleged imposition of a term of mandatory supervised release was unconstitutional with his determinate sentence. The petition to vacate alleged that petitioner's attorney had filed "several crucial motions" and a postconviction petition without notifying petitioner and that this court had found sentencing error in a similar case.

The trial court docketed the petitions for further proceedings and appointed a public defender to represent petitioner, treating the two pleadings as one petition filed under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122–1 *et seq.* (West 2002)). At a status hearing,

appointed counsel stated that he had met with petitioner and that any amendment to the petition would be filed within three weeks. The State responded that it expected to file a motion to dismiss after reviewing petitioner's amended petition. Petitioner's attorney subsequently filed a certificate in accordance with Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)), confirming his in-person consultation with petitioner to ascertain petitioner's contentions of deprivation of constitutional rights, examination of the record of proceedings, and his conclusion that no amendment to the *pro se* petition was necessary for an adequate presentation of petitioner's contentions.

The State moved to dismiss the petition as untimely. The State asserted that the petition was filed outside the time limitation period provided in the Act and that petitioner had failed to allege facts establishing his lack of culpable negligence in the late filing.

At the hearing on the motion to dismiss, petitioner's attorney recited the two issues raised in the petition, emphasizing that petitioner was entitled to a new sentencing hearing because the trial court considered convictions that were later overturned on appeal. The State responded that the petition was untimely and petitioner had not alleged his lack of culpable negligence in the late filing. The State, therefore, argued that its motion to dismiss should be granted.

Petitioner's counsel replied that the appellate court changed petitioner's sentence when it vacated two of his convictions on direct appeal and ordered amendment of the mittimus. Counsel argued that the appellate court's decision restarted the time for filing a postconviction petition. Based on the new beginning date for the limitation period, petitioner had until June 20, 2004, to file his petition. Thus, the petition was timely filed.

Counsel also argued that petitioner could not have raised the trial court's improper consideration of the vacated convictions earlier because that issue did not exist until the appellate court vacated the convictions. Further, counsel argued that the limitations period for filing a postconviction petition was flexible and the court could consider equitable factors in determining whether the petition was timely. Counsel urged the trial court to consider "the fairness issue, that being whether or not the court took into consideration improperly *** two felony convictions at the time of sentencing which were later

vacated." Finally, counsel argued that the court should not dismiss the petition as untimely because "it was not unreasonable or unconscionable."

The trial court ruled that the time for filing the postconviction petition did not restart with the appellate court's decision vacating petitioner's convictions because that decision was not a resentencing or a new date of conviction. The trial court found that the petition was not timely filed and granted the State's motion to dismiss.

Petitioner appealed, contending his attorney failed to provide reasonable assistance. Petitioner asserted that counsel's arguments showed he did not understand the time limitations in the Act. As a result of his unfamiliarity with the Act, counsel failed to amend the petition adequately to allege petitioner's lack of culpable negligence in filing late as required to overcome the time bar.

The appellate court noted that the parties agreed the petition was not timely filed. 367 Ill. App. 3d at 897. The appellate court held that, if a *pro se* postconviction petition is filed beyond the statutory deadline, under Supreme Court Rule 651(c), appointed counsel must make a reasonable attempt to determine whether a proper excuse exists for the late filing. 367 Ill. App. 3d at 900. Counsel must at least review the record and ask the petitioner about any possible excuse. If an excuse for the late filing is apparent, counsel must ensure it is adequately presented to the court. 367 Ill. App. 3d at 900.

The appellate court held that counsel's arguments in response to the State's motion to dismiss were legally without merit. According to the appellate court, counsel's arguments "unambiguously betray[ed] a lack of familiarity with the applicable law." 367 Ill. App. 3d at 907. Postconviction counsel violated Rule 651(c) because the record demonstrated he did not understand the filing deadline in the Act or the exception to the timeliness bar for lack of culpable negligence in the late filing. 367 Ill. App. 3d at 906-08. The appellate court, therefore, vacated the dismissal of the petition and remanded the matter to the trial court for further proceedings. 367 Ill. App. 3d at 908.

We allowed the State's petition for leave to appeal. 210 Ill. 2d R. 315(a).

## II. ANALYSIS

This appeal requires us to construe the scope of Rule 651(c) and to determine whether counsel complied with that rule. The State argues that the appellate court erred in holding petitioner's attorney violated Supreme Court Rule 651(c). The State contends that the plain language of Rule 651(c) does not require counsel to amend the *pro se* petition to allege a lack of culpable negligence or to go outside the record and pleadings to find evidence to excuse the petitioner's untimely filing.

Petitioner responds that Rule 651(c) requires postconviction counsel to make any amendments necessary for an adequate presentation of the petitioner's claims. Under the Act, a petitioner's claims cannot be presented if they are untimely and the petitioner has not alleged facts showing the delay in filing was not due to his culpable negligence. Therefore, according to petitioner, if timeliness is raised as an issue, appointed counsel must allege facts to show a lack of culpable negligence to present adequately the petitioner's claims under Rule 651(c). We will address the construction and application of Rule 651(c) in turn.

### A. Construction of Supreme Court Rule 651(c)

When interpreting our supreme court rules, we apply the same principles of construction applicable to statutes. *People v. Roberts*, 214 Ill. 2d 106, 116 (2005), citing *In re Estate of Rennick*, 181 Ill. 2d 395, 404 (1998). Our primary goal is to ascertain and give effect to the intent of the drafters. *In re Estate of Rennick*, 181 Ill. 2d at 404-05. The most reliable indicator of the drafters' intent is the language used, given its plain and ordinary meaning. *In re Estate of Rennick*, 181 Ill. 2d at 405. We review *de novo* the proper interpretation of our supreme court rules. *People v. Suarez*, 224 Ill. 2d 37, 41-42 (2007).

In construing Rule 651(c), we first review how the rule fits into the postconviction framework. At the first stage of postconviction proceedings, the circuit court reviews the petition and may summarily dismiss it if the court determines it is "frivolous or is patently without merit." 725 ILCS 5/122–2.1(a)(2) (West 2002). The process at this stage "measures a petition's substantive virtue rather than its procedural compliance." *People v. Boclair*, 202 Ill. 2d 89, 102 (2002).

The focus is on whether the petition presents " 'the gist of a constitutional claim.' " *Boclair*, 202 Ill. 2d at 99-100, quoting *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). The petition may not be dismissed as untimely at the first stage of the proceedings. *Boclair*, 202 Ill. 2d at 99. If the petition is not dismissed at the first stage, the circuit court must docket it for further consideration. 725 ILCS 5/122–2.1(b) (West 2002).

At the second stage of the proceedings, an indigent petitioner is entitled to appointed counsel. 725 ILCS 5/122–4 (West 2002). The right to counsel in postconviction proceedings is wholly statutory. *People v. Lander*, 215 Ill. 2d 577, 583 (2005). Therefore, a petitioner is entitled only to the level of assistance required by the Act. *Lander*, 215 Ill. 2d at 583. The Act provides for a "reasonable" level of assistance. *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006). To assure the reasonable assistance required by the Act, Supreme Court Rule 651(c) imposes specific duties on postconviction counsel. *People v. Turner*, 187 Ill. 2d 406, 410 (1999). Under Rule 651(c), counsel must: (1) consult with the petitioner either by mail or in person to ascertain the contentions of deprivation of constitutional rights; (2) examine the record of the trial court proceedings; and (3) make any amendments to the *pro se* petition necessary for an adequate presentation of the petitioner's contentions. 134 Ill. 2d R. 651(c).

If a postconviction petition is not filed within the limitations period, the Act requires the petitioner to allege facts showing the delay was not due to his or her culpable negligence. 725 ILCS 5/122–1(c) (West 2002). Absent allegations of lack of culpable negligence, the Act directs the trial court to dismiss the petition as untimely at the second stage upon the State's motion. See 725 ILCS 5/122–1(c) (West 2002) (no postconviction proceedings shall be commenced outside the time limitations period in the Act "unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence"); *Boclair*, 202 Ill. 2d at 101 (time limitation in the Act is an affirmative defense that may be raised, waived, or forfeited at the second stage by the State). The State may move to dismiss after petitioner's counsel has made any necessary amendments. 725 ILCS 5/122–5 (West 2002).

From the foregoing discussion, it is apparent that when a petition is not timely filed under the Act, to have any chance to present a petitioner's constitutional claims at the second stage of proceedings it is necessary either to: (1) obtain the State's waiver or forfeiture of the untimeliness defense; or (2) attempt to overcome the time bar by alleging lack of culpable negligence in the late filing. Obviously, a petitioner cannot present any constitutional claim if the petition is dismissed on the State's motion as untimely. Therefore, without the State's waiver or forfeiture, it is necessary to allege lack of culpable negligence to be able to present a petitioner's constitutional claims. Accordingly, we hold that the plain language of Rule 651(c), requiring amendments "necessary for an adequate presentation of petitioner's contentions," includes alleging any facts that may establish a lack of culpable negligence in the late filing.

We note that our construction of Rule 651(c) is consistent with the purpose of the rule. We have repeatedly held that the purpose of Rule 651(c) is to ensure that counsel shapes the petitioner's claims into proper legal form and presents those claims to the court. *People v. Pinkonsly*, 207 Ill. 2d 555, 568 (2003), quoting *People v. Owens*, 139 Ill. 2d 351, 364-65 (1990). Rule 651(c) requires a showing that counsel "took the necessary steps to secure adequate representation of petitioner's claims." *People v. Szabo*, 144 Ill. 2d 525, 532 (1991), citing *Owens*, 139 Ill. 2d at 359. An adequate or proper presentation of a petitioner's substantive claims necessarily includes attempting to overcome procedural bars, including timeliness, that will result in dismissal of a petition if not rebutted.

Further, this construction is consistent with our prior holdings interpreting Rule 651(c). In particular, this court has held that postconviction counsel has a duty under Rule 651(c) to meet certain procedural requirements to present a constitutional claim adequately under the Act. See *Turner*, 187 Ill. 2d at 412-14 (Rule 651(c) requires counsel to amend the *pro se* petition to allege ineffective assistance of appellate counsel to avoid the procedural bar of waiver); *People v. Johnson*, 154 Ill. 2d 227, 247 (1993) (counsel is obligated under Rule 651(c) to attempt to obtain and submit affidavits from witnesses identified in the *pro se* postconviction petition). Additionally, Rule 651(c) is violated when postconviction counsel either fails to file a brief on appeal (*People v. Lyles*, 217 Ill. 2d 210, 218 (2005)), or

submits a brief that is "so fundamentally deficient that it precludes review" (*People v. Johnson*, 192 Ill. 2d 202, 207 (2000)). Similarly, we hold here that Rule 651(c)'s mandate of any amendments necessary for an adequate presentation of a petitioner's contentions requires counsel to allege available facts on the lack of culpable negligence to avoid the procedural bar of untimeliness.

Nonetheless, the State argues that this court's decision in *Lander* "strongly suggests that counsel's duties under Rule 651(c) are independent of the question of timeliness." In *Lander*, the petitioner filed a *pro se* postconviction petition accompanied by a motion seeking leave to file a late petition. *Lander*, 215 Ill. 2d at 580. In his motion, the petitioner alleged he had received advice about the filing deadline for his petition from several individuals at the prison, including a law clerk, "jailhouse lawyers," and a prison librarian. *Lander*, 215 Ill. 2d at 580-81. The trial court found petitioner's *pro se* petition was not frivolous or patently without merit and appointed two attorneys to represent him. Petitioner's attorneys filed an amended motion restating more specifically and with greater detail the allegations in petitioner's motion for leave to file a late petition. *Lander*, 215 Ill. 2d at 581. Counsel did not, however, file an amended postconviction petition. *Lander*, 215 Ill. 2d at 582.

The State moved to dismiss the petition as untimely. The trial court found that the petition was not timely and petitioner had failed to show the delay in filing was not due to his culpable negligence. Accordingly, the trial court granted the State's motion to dismiss the postconviction petition as untimely. *Lander*, 215 Ill. 2d at 582.

On appeal, the petitioner contended that his attorneys failed to comply with Rule 651(c) in presenting his constitutional claims. The State argued that petitioner's attorneys had no obligation to comply with Rule 651(c) in presenting petitioner's substantive constitutional claims until the time bar was overcome and they were granted leave to file a late petition. *Lander*, 215 Ill. 2d at 583.

This court held that petitioner's attorneys were required to comply with Rule 651(c) despite the untimeliness of the *pro se* petition. *Lander*, 215 Ill. 2d at 584. The holding in *Lander* was based on our decision in *Boclair*, establishing that the time requirement for filing a postconviction petition is an affirmative defense that may be raised, waived, or forfeited by the State at the second stage of the

proceedings. *Lander*, 215 Ill. 2d at 584, citing *Boclair*, 202 Ill. 2d at 101. We noted that a prosecutor would have no reason to waive the defense of untimeliness if a meritorious constitutional claim is not presented in the petition. *Lander*, 215 Ill. 2d at 584-85. We held that postconviction counsel must submit the petitioner's constitutional claims in compliance with Rule 651(c). The prosecutor may then decide whether those claims are sufficient to warrant the State's waiver of the affirmative defense of untimeliness. *Lander*, 215 Ill. 2d at 585. We remanded the matter to the circuit court for further proceedings because the record did not establish compliance with Rule 651(c). *Lander*, 215 Ill. 2d at 585.

We further held that the facts alleged in the petitioner's pleadings were insufficient to establish a lack of culpable negligence in the late filing. *Lander*, 215 Ill. 2d at 589. We held that it was petitioner's sole responsibility to know the time requirements of the Act and petitioner was not justified in entrusting that responsibility to "jailhouse lawyers," a prison law clerk, and a prison librarian. Petitioner did not show that those individuals had any specialized knowledge in postconviction matters. *Lander*, 215 Ill. 2d at 588-89. We distinguished *People v. Rissley*, 206 Ill. 2d 403 (2003), where this court found the petitioner was reasonable in relying on the advice of his direct appeal counsel because he had no reason to question the advice from counsel on the Act's filing deadline. *Lander*, 215 Ill. 2d at 587-88. We cautioned that each case must be examined on its own facts in making the culpable negligence determination. *Lander*, 215 Ill. 2d at 589.

Contrary to the State's argument, we find that *Lander* is inapplicable to the issues raised in this appeal. In *Lander*, the issue was whether Rule 651(c) required counsel to present the petitioner's constitutional claims adequately despite the untimeliness of the *pro se* petition. *Lander* did not involve the issue we address here on the requirements of the rule and timeliness of a petition. Indeed, the petitioner's attorneys in *Lander* amended the pleadings in an effort to demonstrate the petitioner's lack of culpable negligence in his late filing, apparently in recognition of their duties under Rule 651(c). Our conclusion in *Lander* that Rule 651(c) requires amendment of the petition to present constitutional claims does not preclude or impact our finding here that the plain language of the rule also requires

amending a petition to allege available facts showing a lack of culpable negligence to overcome the time bar in the Act. Both of those actions are within the plain language of Rule 651(c), requiring amendments "necessary for an adequate presentation of petitioner's contentions." 134 Ill. 2d R. 651(c).

In *Lander*, we also indicated it is the petitioner's sole responsibility to know the time requirements for filing a *pro se* petition. Thus, in this case, petitioner was responsible for knowing the time limitation for filing his *pro se* petition. However, after counsel was appointed at the second stage, petitioner was no longer solely responsible for presenting his petition to the court. At that point, counsel became responsible for assisting petitioner with the presentation of his case. Therefore, after the appointment, counsel was responsible for presenting the reasons for the late filing in an effort to establish lack of culpable negligence and avoid dismissal of the petition as untimely. In sum, we find that *Lander* is inapplicable here because it does not address the issues raised on the requirements of Rule 651(c) and the timeliness of a postconviction petition.

The State also argues that the petitioner is responsible for including in the *pro se* petition any allegations that show a lack of culpable negligence in a late filing. As previously noted, however, the timeliness of a *pro se* postconviction petition may not be considered at the first stage of the proceedings. *Boclair*, 202 Ill. 2d at 99. The process at the first stage only "measures a petition's substantive virtue rather than its procedural compliance." *Boclair*, 202 Ill. 2d at 102. Thus, a *pro se* petitioner need not include any allegations on timeliness or an excuse for a delay in filing to advance past the first stage. Any allegations on those matters are irrelevant at the first stage of the proceedings.

If the State decides to file a motion to dismiss, the timeliness of a postconviction petition is considered at the second stage of the proceedings. *Boclair*, 202 Ill. 2d at 102. Thus, timeliness is an issue considered after appointment of counsel. The timeliness of the petition and any excuse for a late filing are matters that counsel must provide assistance on at the second stage. That assistance includes amending the petition to allege any available facts showing a delay in filing was not due to the petitioner's culpable negligence as required by the Act. See 725 ILCS 5/122–1(c) (West 2002).

-10-

The State further argues that counsel's duties under Rule 651(c) do not include amending the *pro se* petition to "anticipatorily rebut" a motion to dismiss based on untimeliness when it may never be filed by the State. We note that in some cases counsel will be able to recognize the untimeliness of a postconviction petition on its face. In those cases, counsel may easily include allegations on any excuse for the delay in filing while making necessary amendments to the petition. Then, if the State decides to file a motion to dismiss on untimeliness, the court may consider the allegations already alleged in the petition in deciding that motion.

Even if counsel does not "anticipatorily rebut" the State's motion by including in the initial amended petition an excuse for the delay in filing, counsel may seek leave to amend the petition to include those allegations after the State has moved to dismiss. The Act does not limit the right to amend the petition. See 725 ILCS 5/122–5 (West 2002). Rather, it grants the trial court discretion to allow additional amendments. 725 ILCS 5/122–5 (West 2002).

Rule 651(c) also states that counsel may make "any" necessary amendments to the petition. 134 Ill. 2d R. 651(c). Thus, counsel may seek to file a second amended petition, if necessary, to respond to the State's motion to dismiss a petition as untimely. Our construction of Rule 651(c), therefore, will not necessarily require anticipatory rebuttal of a motion to dismiss by the State.

On the other hand, the State's construction of the rule requiring petitioners to include allegations on lack of culpable negligence in the *pro se* petition would always result in anticipatory rebuttal of the State's motion to dismiss. In those circumstances, the allegations on any excuse for a delay in filing would be required at the first stage of the proceedings, before the State could ever move to dismiss based on untimeliness. Thus, it would require presentation of those facts at the first stage of proceedings when they are irrelevant to the trial court's determination based on the substance of the petition.

In sum, consistent with the plain language of Rule 651(c), its purpose, and our prior decisions, we hold that Rule 651(c) requires counsel to amend an untimely *pro se* petition to allege any available facts necessary to establish that the delay was not due to the petitioner's culpable negligence. In discharging this duty, counsel must inquire of the petitioner whether there is any excuse for the

-11-

delay in filing. As a practical matter, any potential excuse for the late filing will often be discovered by speaking with the petitioner. Counsel must also allege any excuse for the delay in filing apparent from the pleadings and the portions of the record counsel must review to present petitioner's claims. See *People v. Davis*, 156 Ill. 2d 149, 164 (1993) (under Rule 651(c), counsel is required to review those portions of the record necessary to present and support the claims raised by the petitioner in the *pro se* petition).

## B. Application of Supreme Court Rule 651(c)

Having concluded that amendment of an untimely *pro se* postconviction petition to allege lack of culpable negligence is within the scope of Rule 651(c), we must determine whether counsel complied with that rule in this case. Compliance with Rule 651(c) is mandatory (*People v. Munson*, 206 Ill. 2d 104, 137 (2002)), and may be shown by a certificate filed by the petitioner's attorney (134 Ill. 2d R. 651(c)). A "certificate" is generally defined as "[a] written assurance, or official representation, that some act has or has not been done, or some event occurred, or some legal formality has been complied with." Black's Law Dictionary 225 (6th ed. 1990). Therefore, when an attorney files a certificate under Rule 651(c), the attorney is officially representing to the court that the duties listed in the certificate have been fulfilled. Here, appointed counsel filed a certificate of compliance with Rule 651(c), assuring the court that he complied with each of the requirements of that rule. Counsel specifically asserted that no amendments were necessary for an adequate presentation of petitioner's contentions.

The appellate court held, nonetheless, that counsel violated Rule 651(c) because his arguments in response to the State's motion to dismiss were legally without merit. 367 Ill. App. 3d at 906-07. The appellate court held that counsel's arguments could be interpreted only as a sign of his unfamiliarity with the timeliness requirements of the Act. 367 Ill. App. 3d at 907-08.

In our view, the record does not establish that counsel was unfamiliar with the Act's timeliness requirements. Counsel is presumed to know the law. See *People v. Holman*, 164 Ill. 2d 356, 369 (1995) (courts recognize a strong presumption that attorneys are

-12-

competent). The State recited the timeliness requirements of the Act in its motion to dismiss, thus notifying petitioner's counsel of those standards. The State reasserted the requirements at the hearing on the motion, arguing that the petition was not timely filed and petitioner had not alleged facts establishing his lack of culpable negligence in the late filing. It is difficult to believe counsel was unaware of the applicable legal standards given the State's repeated assertions.

Further, counsel in effect argued the delay was not due to petitioner's culpable negligence. Specifically, counsel asserted that petitioner's claim could not have been raised earlier because it only arose when the appellate court vacated two of his convictions. Petitioner acknowledges that appointed counsel argued the sentencing claims "were not ripe until the appellate court's Rule 23 order was entered, and that this excused his late filing." This argument was directed at whether the delay in filing was due to petitioner's culpable negligence.

Counsel's argument may not have been particularly compelling and his other arguments may have been legally without merit. Those factors, however, do not demonstrate that there was some other excuse counsel could have raised for the delay in filing. There is nothing in the record to indicate that petitioner had any other excuse showing the delay in filing was not due to his culpable negligence. We cannot assume there was some other excuse counsel failed to raise for the delay in filing. Counsel's argument was apparently the best option available based on the facts.

We note that petitioner has filed a petition for rehearing along with an affidavit adding factual allegations on his excuse for the delay in filing. This court has long held that affidavits not filed in the trial court cannot be considered part of the record on appeal. *Kazubowski v. Kazubowski*, 45 Ill. 2d 405, 415 (1970) (citing *Joyce v. Harding*, 208 Ill. 77 (1904), *Plotke v. Chicago Title & Trust Co.*, 175 Ill. 234, 236 (1898), and *Pardridge v. Morgenthau*, 157 Ill. 395, 399 (1895)). Petitioner did not file his affidavit in the trial court. In fact, he did not even file the affidavit while the appeal was being considered in this court, but waited to submit it with his petition for rehearing. Contrary to the dissent, consideration of petitioner's affidavit is not supported by *Johnson*, 154 Ill. 2d 227, 243 (1993). In *Johnson*, the petitioner's attorney filed an affidavit on appeal to this court rather than with a

petition for rehearing. *Johnson*, 154 Ill. 2d at 243. The petitioner's attorney essentially admitted in the affidavit that he failed to comply with Rule 651(c). *Johnson*, 154 Ill. 2d at 248. The submission of the affidavit appears to have been unchallenged because this court accepted it without any discussion or citation to authority. *Johnson*, 154 Ill. 2d at 243-49. We conclude that *Johnson* is distinguishable from this case. Thus, in accordance with the established rules of appellate procedure, we decline to consider petitioner's affidavit submitted with his petition for rehearing.

We do not intend to suggest that an attorney's Rule 651(c) certificate is conclusive of compliance and can never be rebutted. In this case, however, nothing in the record on appeal contradicts counsel's certificate asserting that there were no amendments necessary for adequate presentation of petitioner's claims. Accordingly, we must give effect to counsel's official representation that he complied with Rule 651(c). Based on the facts of this case, we conclude that counsel fulfilled his duties under Rule 651(c).

### III. CONCLUSION

We hold that counsel is required under Supreme Court Rule 651(c) to amend an untimely *pro se* postconviction petition to allege any available facts that may establish the petitioner's lack of culpable negligence for the delay in filing. We conclude that counsel here complied with Rule 651(c). The appellate court erred in finding that counsel failed to comply with the rule. Accordingly, we reverse the appellate court's judgment and affirm the judgment of the circuit court dismissing the postconviction petition as untimely.

*Appellate court judgment reversed;*
*circuit court judgment affirmed.*

**Dissent Upon Denial of Rehearing**

JUSTICE FREEMAN, dissenting:

I would grant rehearing in this case in order to provide additional guidance to our lower courts with respect to Rule 651(c) compliance.

Our opinion in this case holds that Rule 651(c)'s mandate of any amendments necessary for an adequate presentation of a petitioner's contentions "requires counsel to allege available facts on the lack of culpable negligence to avoid the procedural bar of untimeliness." Slip op. at 7-8. Relying on *People v. Boclair*, the opinion notes that the State, when it files a motion to dismiss, has a choice regarding whether to assert the affirmative defense of timeliness. Slip op. at 10, citing *People v. Boclair*, 202 Ill. 2d 89, 102 (2002). Given the State's choice in this matter, our opinion necessarily recognizes that "[t]he timeliness of the petition and any excuse for a late filing are matters that counsel must provide assistance on at the second stage. That assistance includes amending the petition to allege any available facts showing a delay in filing was not due to the petitioner's culpable negligence as required by the Act." Slip op. at 10.

In his petition for rehearing, Perkins argues that because his *pro se* petition did not address timeliness, his appointed counsel could have either "anticipatorily rebut[ted]" the State's motion in the initial amended petition by including an excuse for delay in the initial amended petition or "[sought] leave to amend the petition to include those allegations after the State ha[d] moved to dismiss." Slip op. at 11. Perkins points out that the Rule 651(c) certificate that this court relied upon was filed by his attorney on August 25, 2003, some two months before the State alleged untimeliness in its motion to dismiss. Perkins states that his appointed counsel did not "anticipatorily rebut" any timeliness challenge in the amended petition nor did counsel seek leave to amend the petition to include such allegations after the State moved to dismiss on timeliness grounds. He notes that after the State's motion was filed, no new certificate was filed by his attorney, who, according to our opinion, "must provide assistance on [this matter] at the second stage [and] [t]hat assistance includes amending the petition to allege any available facts showing a delay in filing was not due to the petitioner's culpable negligence as required by the Act." Slip op. at 10. Perkins therefore suggests that, on this record, this court cannot say that counsel complied with Rule 651(c) with respect to the timeliness question. Moreover, the petition for rehearing contains an affidavit from Perkins in which he states that he told his appointed postconviction counsel that his appointed appellate attorney had given him erroneous advice about the time periods for

filing a postconviction action. See *People v. Johnson*, 154 Ill. 2d 227, 243 (1993) (allowing consideration of an affidavit filed for the first time on appeal in the supreme court in determining Rule 651(c) compliance). Although this explanation may constitute a viable claim of lack of culpable negligence (see *People v. Rissley*, 206 Ill. 2d 403 (2003) (holding that the inaccurate legal advice of appellate counsel shows a lack of culpable negligence on the part of a late-filing, postconviction petitioner)), it was never raised by appointed counsel in response to the State's motion to dismiss.

Under these circumstances, I do not believe that this court can "give effect to counsel's official representation that he complied with Rule 651(c)" with respect to the timeliness issue. And in this respect, Perkins' petition for rehearing raises an important general point that I feel is being overlooked. In order to establish compliance with the requirements of Rule 651(c), postconviction counsel must file a certificate of compliance indicating that he has consulted with his client, examined the record, and made any amendments to the *pro se* petition necessary for an adequate presentation of the contentions. Ordinarily, the certificate is filed at the same time the postconviction petition is filed. This presents a problem, however, when, as in this case, the issue of timeliness is raised by the State in a motion to dismiss filed *after* the certificate has been filed. What happens in such circumstances? Our opinion is unclear as to this point and as a result may cause confusion for lower courts in its application. By not addressing this matter today, this court will undoubtedly be called upon to clarify its holding in a future case. I therefore would grant rehearing and address the matter now.

JUSTICE BURKE joins in this dissent.