NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 200145-U

NO. 4-20-0145

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 16, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| DAKODA DASHON PHERIGO, | ) | No. 11CF737 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John Casey Costigan, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices Cavanagh and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the order of the circuit court dismissing defendant's postconviction
petition at the second stage of proceedings.

¶ 2    Defendant, Dakoda Dashon Pherigo, appeals from an order of the circuit court of

McLean County, granting the State's motion to dismiss his postconviction petition at the second

stage of proceedings. On appeal, defendant contends his postconviction counsel provided

unreasonable assistance. For the following reasons, we affirm.

¶ 3                                I. BACKGROUND

¶ 4    In September 2011, a grand jury indicted defendant with one count of aggravated

battery (720 ILCS 5/12-4.2(a)(1) (West 2010)), two counts of aggravated discharge of a firearm

(720 ILCS 5/24-1.2(a)(1), (a)(2) (West 2010)), and one count of burglary (720 ILCS 5/19-1(a)

(West 2010)). In April 2012, a jury found defendant guilty of both counts of aggravated discharge of a firearm and burglary but not guilty of aggravated battery.

¶ 5        In June 2012, the trial court sentenced defendant to concurrent terms of 14 years' imprisonment for count I of aggravated discharge of a firearm, 9 years' imprisonment for count II of aggravated discharge of a firearm, and 5 years' imprisonment for burglary. In October 2012, defendant appealed, arguing his motion for a mistrial should have been granted. This court affirmed the trial court's judgment. See *People v. Pherigo*, 2014 IL App (4th) 120996-U. On March 25, 2015, the Illinois Supreme Court denied defendant's petition for leave to appeal.

¶ 6        In January 2019, defendant filed a "*Pro-se* Petition for Post-Conviction Relief." Defendant acknowledged his petition was not timely filed but argued his trial counsel failed to advise him of pending legislation raising the age of automatic transfer to adult court from 15 to 16. Although defendant stated in his petition he "was 17 at the time of offense," he argued his constitutional rights were violated where his case should have been heard in juvenile court and, as a result, he received ineffective assistance of counsel.

¶ 7        In April 2019, the trial court advanced defendant's petition to the second stage of postconviction proceedings. The court appointed counsel and granted counsel leave to amend the *pro se* petition if necessary. Counsel later filed amendments to defendant's *pro se* postconviction petition, adding the following claims: (1) trial counsel failed to inform defendant whether any plea offers had been made by the State, (2) defendant alleged his trial counsel informed the State he would "give them [defendant]," and (3) trial counsel did not adequately argue defendant's youth as a mitigating factor at the sentencing hearing.

¶ 8        Counsel also filed a certificate in accordance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). The Rule 651(c) certificate stated counsel consulted with defendant

"by mail or in person," ascertaining defendant's contentions of deprivation of constitutional rights. Counsel specifically referenced letters to defendant on August 30, 2019, September 4, 2019, and September 11, 2019. Counsel further stated he examined the record of proceedings and made amendments to defendant's *pro se* petition necessary for an adequate presentation of defendant's contentions.

¶ 9    In August 2019, the State filed a motion to dismiss, arguing (1) defendant's petition was untimely, (2) defendant failed to make a substantial showing of a constitutional violation, and (3) defendant's ineffective assistance of counsel claims were barred by *res judicata*. Following a hearing on the motion, the court entered an order finding the petition time barred and granting the State's motion.

¶ 10    This appeal followed.

¶ 11                         II. ANALYSIS

¶ 12    On appeal, defendant argues his postconviction counsel failed to provide reasonable assistance, citing counsel's failure to (1) properly amend defendant's *pro se* postconviction petition to present defendant's claims to the trial court in appropriate legal form and (2) attach necessary affidavits.

¶ 13    The Post-Conviction Hearing Act (Act) provides a procedural mechanism through which a defendant may assert a substantial denial of his constitutional rights in the proceedings which resulted in his conviction. 725 ILCS 5/122-1 *et seq.* (West 2018). At the first stage of a postconviction proceeding, the trial court independently reviews the defendant's petition, taking the allegations as true, and determines if it is frivolous or patently without merit. *People v. Hodges*, 234 Ill. 2d 1, 10, 912 N.E.2d 1204, 1208-09 (2009). If the postconviction petition is not summarily dismissed, as here, it advances to the second stage, where the State may file a motion

to dismiss the petition, and the court must determine whether the petition and any accompanying documents make a substantial showing of a constitutional violation. *Hodges*, 234 Ill. 2d at 10-11, 912 N.E.2d at 1208-09. At the second stage of proceedings, the court takes "all well-pleaded facts that are not positively rebutted by the trial record" as true. *People v. Pendleton*, 223 Ill. 2d 458, 473, 861 N.E.2d 999, 1008 (2006). If the petition fails to make a substantial showing of a constitutional violation, it is dismissed; if such a showing is made, the postconviction petition advances to the third stage where the court conducts an evidentiary hearing. 725 ILCS 5/122-6 (West 2018). We review a dismissal of a petition at the second stage *de novo*. *People v. Whitfield*, 217 Ill. 2d 177, 182, 840 N.E.2d 658, 662 (2005).

¶ 14 Under the Act, a defendant is entitled to "reasonable" assistance of counsel. *People v. Perkins*, 229 Ill. 2d 34, 42, 890 N.E.2d 398, 402-03 (2007). To ensure that a defendant receives reasonable assistance of counsel, Rule 651(c) requires that the record in the trial court contain a showing, which may be made by the certificate of the defendant's attorney, that the attorney: (1) "has consulted with the [defendant] *** to ascertain his or her contentions of deprivation of constitutional rights," (2) "has examined the record of the proceedings at the trial," and (3) "has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of [defendant's] contentions." Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013); see also *Perkins*, 229 Ill. 2d at 42. Compliance with Rule 651(c) is mandatory. *People v. Lander*, 215 Ill. 2d 577, 584, 831 N.E.2d 596, 600 (2005).

¶ 15 The filing of a Rule 651(c) certificate gives rise to a rebuttable presumption that postconviction counsel complied with the requirements of the rule and provided reasonable assistance. *People v. Wallace*, 2016 IL App (1st) 142758, ¶ 26, 67 N.E.3d 976. In the instant

case, postconviction counsel filed a Rule 651(c) certificate, and thus there is a rebuttable presumption that postconviction counsel rendered reasonable assistance.

¶ 16 Defendant argues the record rebuts the presumption his postconviction counsel complied with Rule 651(c) and provided reasonable assistance. Specifically, defendant argues his counsel failed to (1) properly amend his *pro se* postconviction petition to assert defendant's claims in proper legal form and (2) attach necessary affidavits. See *Perkins*, 229 Ill. 2d at 44 ("[T]he purpose of Rule 651(c) is to ensure that counsel shapes the petitioner's claims into proper legal form and presents those claims to the court."). Thus, counsel failed to ensure defendant's claims were not barred by waiver. See *Perkins*, 229 Ill. 2d at 46 ("[A] prosecutor would have no reason to waive the defense of untimeliness if a meritorious constitutional claim is not presented in the petition.") The State responds (1) defendant's petition was untimely filed and (2) postconviction counsel provided defendant with a reasonable level of assistance with his petition and substantially complied with the requirements of Rule 651(c). We initially observe that defendant has raised no issue regarding the timeliness or merits of his petition or asserted that counsel failed to abide by the other requirements of Rule 651(c). We find defendant has waived those issues for review. See *Pendleton*, 223 Ill. 2d at 476.

¶ 17 Defendant has not alleged how postconviction counsel could or should have amended defendant's claims to present them in proper legal form. Defendant claimed he received ineffective assistance of counsel when his trial counsel failed to advise him of pending legislation raising the age of automatic transfer to adult court from 15 to 16. He argued his constitutional rights were violated where his case should have been heard in juvenile court. Defendant's claim was without merit, however, as defendant stated in his petition he "was 17 at the time of offense."

¶ 18       Moreover, "in addition to the information alleged in Defendant's [*pro se* petition]," counsel claimed (1) trial counsel failed to inform defendant whether any plea offers had been made by the State, (2) defendant alleged his trial counsel informed the State he would "give them [defendant]," and (3) trial counsel did not adequately argue defendant's youth as a mitigating factor at the sentencing hearing, citing *Roper v. Simmons*, 543 U.S. 551 (2005) and *Graham v. Florida*, 560 U.S. 48 (2010). The Act does not require counsel to advance frivolous or spurious claims on defendant's behalf. *Pendleton*, 223 Ill. 2d at 472. Further, we do not agree counsel's failure to attach affidavits of "off the record" conversations counsel had with defendant's family members rebuts the presumption counsel provided defendant reasonable assistance. See *People v. Greer*, 212 Ill. 2d 192, 205, 817 N.E.2d 511, 519 (2004) (finding where amendments to a *pro se* postconviction petition would only further a frivolous and patently nonmeritorious claim, they are not "necessary" within the meaning of Rule 651(c)). Defendant has failed to rebut the presumption his counsel provided reasonable assistance in conformity with the requirements of Rule 651(c). Consequently, we conclude defendant's claim must fail.

¶ 19       Defendant also contends postconviction counsel provided unreasonable assistance where he failed to amend defendant's petition to allege ineffective assistance of appellate counsel, suggesting a claim "that trial counsel failed to argue [defendant's] age was a mitigating factor at sentencing and could have been raised on direct appeal." Defendant does not argue there is any merit to this claim, and further, the record contradicts defendant's claim. As stated above, if an amendment to a *pro se* petition would only further a frivolous or patently nonmeritorious claim, then it is not a "necessary" amendment within the meaning of Rule 651(c). *Greer*, 212 Ill. 2d at 205.

¶ 20         Defendant likens his case to *People v. Turner*, 187 Ill. 2d 406, 719 N.E.2d 725 (1999), asserting "[*Turner*] is illustrative of the unreasonableness of [defendant]'s postconviction counsel." However, *Turner* is factually distinguishable from this case. In *Turner*, there was no indication postconviction counsel filed a Rule 651(c) certificate, and the supreme court enumerated a multitude of errors committed by postconviction counsel, finding "post-conviction counsel's performance was so deficient that it amount[ed] to virtually no representation at all." *Turner*, 187 Ill. 2d at 413-16. Here, postconviction counsel filed a Rule 651(c) certificate, which gave rise to the rebuttable presumption that he performed the duties required of him under that rule, and defendant has failed to rebut the presumption.

¶ 21         Under these circumstances, we conclude postconviction counsel provided defendant a reasonable level of assistance with his petition, complied with the requirements of Rule 651(c), and defendant's contrary contention is without merit.

¶ 22                              III. CONCLUSION

¶ 23         For the reasons stated, we affirm the trial court's judgment.

¶ 24         Affirmed.