NOTICE

Decision filed 05/03/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 220152-U

NO. 5-22-0152

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 13-CF-1517 |
| | ) | |
| LYNNTEZ J. HOLT, | ) | Honorable |
| | ) | Randall B. Rosenbaum, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE VAUGHAN delivered the judgment of the court.
Justices Moore and Barberis concurred in the judgment.

**ORDER**

¶ 1     *Held*: Where postconviction counsel failed to allege ineffective assistance of appellate counsel and failed to allege available facts necessary to overcome the procedural bar of timeliness in either the amended petition for postconviction relief or in a response to the State's motion to dismiss and its subsequent addendum to its motion to dismiss, postconviction counsel failed to comply with Rule 651(c).

¶ 2     On appeal from the second-stage dismissal of his amended petition for postconviction relief, the defendant, Lynntez J. Holt, argues that we should remand for further second-stage proceedings because postconviction counsel failed to provide a reasonable level of assistance pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). For the following reasons, we agree.

1

¶ 3                                    I. BACKGROUND

¶ 4      The defendant was charged with attempted first degree murder in violation of section 8-4(a) of the Criminal Code of 2012 (Code) (720 ILCS 5/8-4(a) (West 2012)), aggravated discharge of a firearm in violation of section 24-1.2(a)(2) of the Code (*id.* § 24-1.2(a)(2)), and aggravated battery with a firearm in violation of section 24-1.6(a)(3)(A) of the Code (*id.* § 24-1.6(a)(3)(A)), arising from events that occurred on September 1, 2013. A jury found the defendant not guilty of attempted first degree murder but guilty of aggravated discharge of a firearm and aggravated battery with a firearm. The trial court sentenced the defendant to concurrent terms of 20 years' incarceration for the aggravated battery with a firearm charge and 15 years' incarceration for the aggravated discharge of a firearm charge. On direct appeal, the appellate court vacated the conviction for aggravated discharge of a firearm pursuant to the one-act, one-crime rule, but affirmed the aggravated battery with a firearm conviction. See *People v. Holt*, 2017 IL App (4th) 141047-U.

¶ 5      On October 1, 2018, the defendant, *pro se*, filed a motion for leave to file a postconviction petition. He stated in his motion, "the delay in filing the petition was not due to his culpable negligence." He averred that he had been "without legal representation or adequate law library resources and/or certified legal assistance within the institution's law library." Also on October 1, 2018, the defendant filed his *pro se* petition for postconviction relief. He attached to it his affidavit. The circuit court dismissed the petition at the first stage. On appeal, the appellate court, via summary order, remanded the case for second-stage proceedings because "the court did not dismiss defendant's postconviction petition as frivolous and patently without merit within the time allowed by" section 122-2.1 of the Post-Conviction Hearing Act (725 ILCS 5/122-2.1 (West

2018)). *People v. Holt*, No. 4-19-0022 (2020), order at 2 (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 6    On January 25, 2021, the circuit court appointed postconviction counsel. The court granted multiple extensions for counsel to file an amended postconviction petition. On December 6, 2021, the State filed a motion to dismiss the *pro se* postconviction petition, arguing that it was untimely filed. It further argued that the issues raised in the *pro se* petition were either waived or barred by *res judicata*.

¶ 7    On December 27, 2021, the circuit court issued a rule to show cause ordering postconviction counsel to file an amended postconviction petition on or before January 21, 2022, or appear on January 24, 2022, and "show cause why [she] should not be held in contempt of court for failure to file said documents pursuant to numerous court orders, the most recent of which was entered Sept. 14, 2021." On January 20, 2022, postconviction counsel filed an amended petition for postconviction relief. The amended petition claimed trial counsel was ineffective for failing to (1) submit the lesser included charge of reckless discharge of a firearm (720 ILCS 5/24-1.5(a) (West 2012)), (2) request a jury instruction for the lesser included offense of reckless discharge of a firearm (*id.*), and (3) object to the removal of the defendant's family from the courtroom during *voir dire*. The amended petition did not address the issue of timeliness. The amended petition stated that postconviction counsel was not filing a new affidavit of the defendant "due to time constraints and the geographical distance between the defendant's location" and counsel's office. Postconviction counsel attached the defendant's previous affidavit that had been filed in his *pro se* petition for postconviction relief. Also on January 20, 2022, postconviction counsel filed her Rule 651(c) certificate, stating that she (1) consulted with the defendant by telephone, mail, electronic means, or in person to ascertain his contentions of deprivation of constitutional rights,

3

(2) examined the record of the proceedings at the trial, and (3) made any amendments to the *pro se* petition that were necessary for an adequate presentation of the defendant's contentions.

¶ 8 On January 24, 2022, with the court's permission, the State filed an addendum to its previously filed motion to dismiss the postconviction petition. It incorporated and reiterated the law and argument for dismissal as set forth in its initial motion to dismiss. It averred that the arguments set forth in the amended petition were barred by forfeiture and *res judicata*. It further averred that the petition was untimely. Postconviction counsel did not file a reply to the State's motion and subsequent addendum.

¶ 9 On February 15, 2022, postconviction counsel filed a new affidavit from the defendant. This affidavit stated (1) the defendant had informed trial counsel about evidence of the lesser included offense of reckless discharge of a firearm, (2) trial counsel refused to ask for reckless discharge of a firearm to be included, (3) trial counsel did not attempt to have the jury instruction for the lesser included offense of reckless discharge of a firearm given to the jury, and (4) trial counsel did not object to the exclusion of the defendant's family from the courtroom during the *voir dire* process.

¶ 10 On February 22, 2022, the circuit court entered its order dismissing the defendant's amended postconviction petition at the second stage. It found that the amended petition was untimely, and that the defendant failed to outline in the amended petition why the delay in filing was not due to his own culpable negligence. The circuit court also discussed the merits of the claims contained in the amended petition and found that the ineffective assistance of trial counsel arguments (1) failed "to make a substantial showing of a constitutional violation," (2) were "vague, conclusory or speculative," and (3) lacked "specificity to show that counsel's actions were inappropriate or that the outcome of the proceedings would have been different." The circuit court

4

also found the claims were forfeited because the defendant could have raised them earlier. The defendant now appeals.

¶ 11                                  II. ANALYSIS

¶ 12    The issue on appeal is whether postconviction counsel failed to provide the defendant with a reasonable level of assistance pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). The defendant claims postconviction counsel's assistance was not reasonable because the record rebuts the presumption of compliance with Rule 651(c). The defendant argues postconviction counsel failed to address the procedural bars of untimeliness and forfeiture in either the amended petition for postconviction relief or in a response to the State's motion to dismiss and subsequent addendum.

¶ 13    The Post-Conviction Hearing Act (Act) provides collateral means for a defendant to challenge a conviction or sentence by alleging it resulted from a substantial violation of constitutional rights. 725 ILCS 5/122-1 *et seq.* (West 2022). The Act provides a three-stage process for the adjudication of postconviction petitions. *People v. Cotto*, 2016 IL 119006, ¶ 26. During second-stage proceedings, a defendant has the right to counsel, who may amend the claims in the *pro se* petition, and the State may file a motion to dismiss. *People v. Perkins*, 229 Ill. 2d 34, 42-43 (2007). If the petition makes a substantial showing of a constitutional violation, it then advances to a third stage where an evidentiary hearing is held. *People v. Pendleton*, 223 Ill. 2d 458, 472-73 (2006).

¶ 14    The Act requires postconviction counsel to provide a "reasonable level of assistance" in postconviction proceedings. *People v. Turner*, 187 Ill. 2d 406, 410 (1999). To ensure a reasonable level of assistance is provided, Rule 651(c) imposes certain duties on postconviction counsel. *Id.* It requires that counsel (1) consult with the defendant either by phone, mail, or electronic means,

5

or in person to ascertain his contentions of deprivation of constitutional rights; (2) examine the record of proceedings at trial; and (3) make any amendments to the *pro se* petition necessary for an adequate presentation of the defendant's contentions. *Id.*; Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Counsel's compliance with Rule 651(c) is mandatory. *People v. Addison*, 2023 IL 127119, ¶ 21. A rebuttable presumption of reasonable assistance arises once counsel files a Rule 651(c) certificate. *Id.* "The defendant bears the burden of overcoming the presumption by showing that postconviction counsel did not substantially comply with the strictures of the rule." *Id.* Whether postconviction counsel rendered reasonable assistance in compliance with Rule 651(c) is reviewed *de novo*. *People v. Wallace*, 2018 IL App (5th) 140385, ¶ 31. Here, postconviction counsel filed a Rule 651(c) certificate. Therefore, it is the defendant's burden to overcome the presumption of reasonable assistance.

¶ 15    The defendant may overcome the presumption of reasonable assistance by "demonstrating that postconviction counsel did not make all necessary amendments to the *pro se* petition. [Citation.] This includes making amendments that are necessary to overcome procedural bars." *Addison*, 2023 IL 127119, ¶ 21.

¶ 16    The defendant first argues that the record rebuts the presumption of reasonable assistance because postconviction counsel failed to argue that the delay in filing the postconviction petition was not due to the defendant's own culpable negligence. He avers that counsel failed to address timeliness despite the State's filing both a motion to dismiss and an addendum to that motion, arguing that the petition should be dismissed as untimely.

¶ 17    If a petitioner does not file his or her postconviction petition within the limitations period, the Act requires the petitioner to allege facts demonstrating that the delay was not due to his or her culpable negligence. *Perkins*, 229 Ill. 2d at 43. If such allegations are absent, the trial court must

6

dismiss, upon the State's motion, the petition as untimely at the second stage. *Id.* "Rule 651(c)'s mandate of any amendments necessary for an adequate presentation of a petitioner's contentions requires counsel to allege available facts on the lack of culpable negligence to avoid the procedural bar of untimeliness." *Id.* at 44. "The timeliness of the petition and any excuse for a late filing are matters that counsel must provide assistance on at the second stage. That assistance includes amending the petition to allege any available facts showing a delay in filing was not due to the petitioner's culpable negligence as required by the Act." *Id.* at 48.

¶ 18    Here, postconviction counsel made no allegations that the untimely filing of the petition for postconviction relief was not due to the defendant's culpable negligence. Moreover, postconviction counsel made no allegations despite the *pro se* petition addressing the issue and the State's subsequent motion to dismiss and addendum setting forth the issue of timeliness as a basis for dismissal. As such, we conclude that the defendant has overcome the presumption that postconviction counsel provided reasonable assistance.

¶ 19    We further find the defendant demonstrated the record rebuts counsel's compliance where postconviction counsel failed to allege ineffective assistance of appellate counsel for appellate counsel's failure to raise the defendant's claims of ineffective assistance of trial counsel on appeal. In this case now before us, the trial court held that the defendant's claims of ineffective assistance of trial counsel in the defendant's postconviction petition were forfeited because they could have been raised on direct appeal. However, there is an exception to the forfeiture doctrine in postconviction proceedings. *Turner*, 187 Ill. 2d at 413. "When a petitioner is asserting claims that could have been raised on direct appeal, he can avoid the procedural bar of forfeiture by casting his claims as ineffective assistance of appellate counsel for failing to raise the issues on direct appeal." *Addison*, 2023 IL 127119, ¶ 23.

¶ 20    Here, quite simply, postconviction counsel did not allege ineffective assistance of appellate counsel in the postconviction petition. While the circuit court here rejected the ineffective assistance claims on the merits, "*all* postconviction petitioners are entitled to have counsel comply with the limited duties of Rule 651(c) before the merits of the petitions are determined." (Emphasis in original.) *Id.* ¶ 37. Therefore, we again conclude that the defendant has overcome the presumption that postconviction counsel provided reasonable assistance. This failure foreclosed consideration of the claims of ineffective assistance by the circuit court.

¶ 21    Because we find that the defendant has overcome the presumption that postconviction counsel performed reasonably, we are vacating the trial court's dismissal of the defendant's amended postconviction petition and remanding this cause to the trial court for new second-stage proceedings with the appointment of new postconviction counsel who should comply with Rule 651(c). "A defendant who successfully argues that his attorney failed to provide reasonable assistance at the second stage of postconviction proceedings is merely entitled to a remand for his attorney to comply with the limited duties required by Rule 651(c)." *Id.*

¶ 22                                    III. CONCLUSION

¶ 23    For the foregoing reasons, we vacate and remand the dismissal of the defendant's amended postconviction petition.

¶ 24    Vacated and remanded with directions.