NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 240714-U

NO. 4-24-0714

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 21, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Morgan County |
| SHON WATTS, | ) | No. 06CF28 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | David R. Cherry, |
| | ) | Judge Presiding. |

JUSTICE VANCIL delivered the judgment of the court.
Justices DeArmond and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court reversed and remanded with directions, finding that postconviction counsel failed to provide defendant reasonable assistance at the second stage of postconviction proceedings.

¶ 2    Defendant, Shon Watts, appeals the trial court's dismissal of his postconviction petition at the second stage of proceedings. He argues postconviction counsel did not provide him with reasonable assistance where counsel failed to comply with multiple requirements of Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). The State concedes that defendant did not receive reasonable assistance and agrees that the case should be remanded.

¶ 3    We reverse and remand with directions.

¶ 4                                    I. BACKGROUND

¶ 5    On February 14, 2006, while incarcerated at Jacksonville Correctional Center on a 12-year sentence for a home invasion offense, defendant attacked and sexually assaulted a female

Illinois Department of Corrections employee. He was charged with three counts of aggravated criminal sexual assault (720 ILCS 5/11-1.30(a)(1)-(3) (West 2006)), one count of attempt (first degree murder) (720 ILCS 5/8-4(a), 9-1(a)(2) (West 2006)), and one count of aggravated battery (720 ILCS 5/12-3.05(d)(4) (West 2006)).

¶ 6    During pretrial proceedings, counsel for defendant filed a motion requesting a mental examination to determine if defendant was fit to stand trial and if he lacked the capacity to appreciate the criminality of his conduct. The trial court granted the motion, and defendant was evaluated on two separate occasions between June and August 2006. Although defendant claimed he heard voices compelling him to commit the offenses at the time of his confession, the fitness evaluation questioned the legitimacy of these contentions. The examiner noted, "It appears that [defendant] has labeled his inner thoughts that have to do with acting out on his sexual and aggressive impulses as voices of *** demons." The evaluation concluded that while defendant had certain cognitive deficits—notably, a low IQ and the inability to read or write—he understood the criminality of his actions at the time he committed them and, in general, had an adequate understanding of the nature and purpose of the proceedings against him. The court found defendant fit to stand trial.

¶ 7    At a hearing on December 11, 2006, defendant entered into a negotiated guilty plea. In exchange for defendant pleading guilty to attempted first degree murder and one count of aggravated criminal sexual assault, the State agreed to, among other things, cap its sentence recommendation at 30 years in the Illinois Department of Corrections, with 3 years' mandatory supervised release (MSR). The trial court admonished defendant of the rights he would give up if he accepted the plea deal and the possible sentences he would face if he did not. Defendant confirmed his understanding. The court also inquired into the voluntariness of defendant's plea,

asking if the medicine he was taking affected his ability to understand the proceedings, or if anyone had threatened or pressured him into pleading guilty. Defendant answered no. The court found defendant's guilty plea was knowing and voluntary and sentenced him to 30 years' imprisonment, with 3 years' MSR for each count. The court ordered the sentences to run concurrently between themselves and consecutive to the sentence he was then serving for home invasion.

¶ 8        On March 14, 2008, defendant filed a *pro se* motion to withdraw his guilty plea and vacate his sentence, arguing that his plea was involuntary as he was under the influence of psychotropic medication at the time and was not mentally competent. He additionally alleged that trial counsel was inadequate for "knowing that [defendant's] mental illness should have precluded [him] from accepting this plea."

¶ 9        The State filed a motion to strike and dismiss defendant's motion for being untimely. From the record, it appears that no action was taken by the trial court on either motion.

¶ 10        Approximately six years later, on April 21, 2014, defendant filed another *pro se* motion to withdraw his guilty plea and vacate his sentence. He repeated his assertion that he was mentally ill and added that, on the day of his plea, he was threatened by an officer at the courthouse, who allegedly told him that he needed to be "hang[ed from] a tree outside the court house" and should tell the judge he was guilty.

¶ 11        In a docket order dated September 9, 2014, the trial court denied both of defendant's motions as untimely. The court did not recharacterize either motion as a postconviction petition because neither asked for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2014)), alleged any violations of defendant's constitutional rights, or alleged actual innocence as a basis for the relief requested.

¶ 12        Defendant filed a notice of appeal of his convictions on November 11, 2014.

Counsel was appointed to represent him. However, defendant later moved to dismiss his appeal, which the trial court allowed.

¶ 13    On July 14, 2023, defendant filed a *pro se* postconviction petition raising numerous challenges to his convictions. He alleged, *inter alia*, that his counsel on appeal made the decision to dismiss his case against his wishes because, according to counsel, the trial court should have ordered defendant's convictions to run consecutively, rather than concurrently, and might correct the mistake on appeal. Defendant also alleged his trial counsel had not moved to withdraw his guilty plea despite defendant's request to do so and had failed "to investigate or pursue an insanity or guilty but mentally ill defense even though the defendant was exhibiting behavior consistent with that defense." In addition, defendant raised numerous issues inapplicable to his situation, for example, taking issue with jury instructions and defense counsel's opening and closing arguments, despite the fact that his case did not go to trial.

¶ 14    On November 8, 2023, the trial court advanced defendant's petition to the second stage of proceedings. The court later admitted it had purposely allowed 90 days to elapse since the filing of the petition in order to move it beyond the first stage and advance it to a place where the court could appoint counsel to represent defendant. See 725 ILCS 5/122-2.1 (West 2022); *People v. Greer*, 212 Ill. 2d 192, 202-03 (2004). Counsel was appointed to represent defendant.

¶ 15    At the second-stage hearing on defendant's petition, the trial court asked defendant's counsel if he had spoken with defendant. Counsel confirmed he had and stated he had looked into "some of" the allegations in defendant's petition that he believed "could have affected his constitutional rights as far as fair and adequate representation." He told the court that after reviewing the issues concerning defendant's mental fitness and guilty plea, he concluded that neither issue was meritorious. As a result, counsel chose to "rest on the merits of [defendant's]

- 4 -

post-conviction petition as is."

¶ 16        The trial court then spoke directly to defendant, echoing the opinions of counsel:

"So basically I want you to understand, we've broken this down to two specific issues. One is mental health. I don't find any mental health issues. ***

The second thing was your admonitions. I believe that the Judge gave to you proper admonitions and told you everything, went above and beyond what he would have said if he'd just read them to you. So I don't find that there is an issue that you have presented in your petition for me to rule in your favor to give you a new trial.

So my ruling today is I'm dismissing your petition because it does not present sufficient evidence or facts that I can use to overturn your conviction and give you a new trial."

¶ 17        This appeal followed.

¶ 18                                II. ANALYSIS

¶ 19        On appeal, defendant argues that postconviction counsel provided unreasonable assistance where he failed to (1) ascertain defendant's contentions of deprivation of rights, (2) examine the necessary portions of the record of proceedings, (3) make necessary amendments to defendant's petition to adequately present his claims, and (4) object to the trial court's use of an incorrect standard of review for second-stage postconviction claims. The State agrees on arguments (1), (3), and (4) and does not oppose defendant's request for a remand for a new second-stage proceeding.

¶ 20        The Act provides a remedy to criminal defendants who demonstrate a substantial violation of their constitutional rights. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). Proceedings on

postconviction petitions involve three stages. *Id.* at 10. At the first stage, the court must review the petition independently and determine if it is frivolous or patently without merit. *Id.* If it is not dismissed at the first stage, the petition advances to the second stage of proceedings. At the second stage, the court may appoint counsel to represent an indigent defendant. *Id.* Defendants are statutorily entitled to "reasonable" assistance of counsel under the Act. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) requires specific actions on the part of postconviction counsel in order to meet this threshold. *Perkins*, 229 Ill. 2d at 42. Specifically,

> "[u]nder Rule 651(c), counsel must: (1) consult with the petitioner either by mail or in person to ascertain the contentions of deprivation of constitutional rights; (2) examine the record of the trial court proceedings; and (3) make any amendments to the *pro se* petition necessary for an adequate presentation of the petitioner's contentions." *Id.*

See Ill. S. Ct. R. 651(c) (eff. Jul. 1, 2017).

While postconviction counsel must amend a defendant's petition as is necessary, the Act does not impose upon counsel a duty to advance frivolous claims. *Greer*, 212 Ill. 2d at 205. On the contrary, when counsel determines that a petition's claims are meritless, counsel is ethically obligated to withdraw from representation. *Id.* at 209.

¶ 21 The transcript from the second-stage hearing on defendant's petition shows that postconviction counsel believed defendant's claims to be meritless. However, rather than moving to withdraw from representing defendant, as he was ethically obligated to do, he simply "rest[ed] on the merits" of defendant's petition. In other words, he did not amend defendant's claims to a form that would survive second-stage dismissal in accordance with Rule 651(c).

¶ 22 Where postconviction counsel fails to provide reasonable assistance at the second stage of postconviction proceedings, a remand is required, regardless of whether the claims in the original petition have merit. *People v. Suarez*, 224 Ill. 2d 37, 47 (2007). To provide reasonable assistance, counsel was obligated to make any amendments to defendant's petition necessary to adequately present his claims. *People v. Shortridge*, 2012 IL App (4th) 100663, ¶ 13. Counsel failed to do so. Because of this, and without making any determination on the actual merits of defendant's claims, we find it necessary to reverse the trial court's order dismissing defendant's petition at the second stage. *Id.* ¶ 16 (reversing the dismissal of the defendant's petition where counsel failed to provide reasonable assistance by "essentially d[oing] nothing to shape the claims into the appropriate legal form"). We order that new counsel should be appointed for defendant. If, after complying with the requirements of Rule 651(c), new counsel likewise considers defendant's claims to be without merit, that counsel must move to withdraw from representation. *Id.* ¶ 15.

¶ 23 As counsel's failure to make necessary amendments to defendant's petition is grounds for reversal on its own, we need not address defendant's other arguments.

¶ 24 III. CONCLUSION

¶ 25 For the reasons stated, we reverse the trial court's judgment and remand with directions.

¶ 26 Reversed and remanded with directions.