`2022 IL App (2d) 210076
No. 2-21-0076
Opinion filed June 27, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 99-CF-398 |
| RICKEY L. QUEZADA, | ) ) | Honorable John A. Barsanti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Justices McLaren and Schostok concurred in the judgment and opinion.

**OPINION**

¶ 1      Defendant, Rickey L. Quezada, appeals from the judgment of the circuit court of Kane County dismissing his successive postconviction petition at the second stage. See 725 ILCS 5/122-1(f) (West 2020). He argues that his postconviction counsel provided unreasonable assistance by failing to amend his *pro se* petition to address potential procedural bars to his claim that his sentence violated *Miller v. Alabama*, 567 U.S. 460 (2012). Because the trial court discussed procedural bars in addressing the amended petition and correctly found that our 2018 decision in this case (see *People v. Quezada*, 2018 IL App (2d) 170738-U) precluded defendant's claim, we hold that counsel was not unreasonable in failing to address potential procedural bars. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3      Defendant was convicted, following a jury trial, of first-degree murder (720 ILCS 5/9-1(a)(1) (West 1998)) and sentenced to 45 years' imprisonment. This court affirmed on direct appeal both his conviction and sentence. See *People v. Quezada*, 335 Ill. App. 3d 233 (2002). In July 2003, defendant filed his initial postconviction petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2002)), the denial of which we affirmed. See *People v. Quezada*, No. 2-04-0301 (2005) (unpublished order under Illinois Supreme Court Rule 23). On May 30, 2017, defendant moved for leave to file a successive postconviction petition (725 ILCS 5/122-1(f) (West 2016)). In his proposed petition, defendant, who was a juvenile when he committed the offense, contended that his 45-year prison sentence was a *de facto* life sentence that had been imposed without proper consideration of his youth and its attendant characteristics, as required by *Miller*. The trial court denied the motion for leave to file a successive postconviction petition, as defendant had not shown the required prejudice, and defendant appealed.

¶ 4      On appeal, we addressed whether defendant had shown prejudice justifying filing a successive postconviction petition. We noted that the case law had not settled whether a discretionary sentence (such as defendant received) might constitute a *de facto* life sentence and, thus, trigger *Miller*'s protections. *Quezada*, 2018 IL App (2d) 170738-U, ¶ 22. Nonetheless, recognizing that such an issue might "soon be forthcoming" and noting that leave to appeal had recently been granted in *People v. Buffer*, 2017 IL App (1st) 142931, we considered the sentence as if it were a *de facto* life sentence. *Quezada*, 2018 IL App (2d) 170738-U, ¶¶ 22-23. We then addressed whether defendant's " '*de facto*' life sentence" violated *Miller*. *Quezada*, 2018 IL App (2d) 170738-U, ¶ 23. In doing so, we noted that the sentencing hearing record showed that the trial court had considered "most of the factors" under *Miller* as identified in *People v. Holman*, 2017

IL 120655, ¶ 46. See *Quezada*, 2018 IL App (2d) 170738-U, ¶ 24. In that regard, we pointed out that defendant's age at the time of the offense "was the subject of repeated argument and evidence, and the court found that defendant's youthfulness constituted a non-statutory mitigating factor." *Quezada*, 2018 IL App (2d) 170738-U, ¶ 24. We next observed that there was evidence concerning defendant's closely-knit family, including testimony from his grandfather, mother, and aunt. *Quezada*, 2018 IL App (2d) 170738-U, ¶ 24. The trial court had also made findings concerning defendant's participation in the offense, noting that, although there had been peer pressure related to defendant's gang affiliation, he had primarily undertaken the murder alone. *Quezada*, 2018 IL App (2d) 170738-U, ¶ 24. As for defendant's capacity to deal with police and prosecutors, the trial court was aware of his prior experience with the court system, including his prior delinquency, probation, and court appearances. *Quezada*, 2018 IL App (2d) 170738-U, ¶ 24. We further noted that the court had heard evidence regarding defendant's prospects for rehabilitation and had made explicit findings. *Quezada*, 2018 IL App (2d) 170738-U, ¶ 24. Lastly, we emphasized that, after considering all sentencing factors, "including factors attendant to youth," the court determined that a 45-year sentence was appropriate. *Quezada*, 2018 IL App (2d) 170738-U, ¶ 24. Thus, we held that defendant failed to make a *prima facie* showing of prejudice sufficient to justify a successive postconviction petition because, assuming that *Miller* applied, the trial court "sufficiently considered the requisite factors attendant to defendant's youth before imposing" the sentence. *Quezada*, 2018 IL App (2d) 170738-U, ¶ 25.

¶ 5    On July 2, 2020, defendant filed another motion for leave to file a successive postconviction petition (725 ILCS 5/22-1(f) (West 2020)). In the accompanying petition, defendant alleged, among other things, that his 45-year discretionary prison sentence constituted a *de facto* life sentence under *People v. Buffer*, 2019 IL 122327, thereby entitling him to a new

sentencing hearing under *Miller*. The trial court did not explicitly grant leave to file a successive postconviction petition; instead, it appointed counsel and advanced the petition to the second stage. Counsel, in turn, filed an amended petition, in which he incorporated defendant's claim that his sentence was a *de facto* life sentence under *Buffer* and added an argument that a finding of incorrigibility was required before imposing such a sentence. Counsel also filed a certificate under Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), asserting that he had (1) reviewed the *pro se* petition, (2) examined the record, including the transcripts of the trial and sentencing, and (3) consulted with defendant by mail and telephone to the extent necessary to adequately represent defendant's contentions of error.

¶ 6     The State moved to dismiss the amended petition, contending, in part, that the *Miller* claim was barred by *res judicata* or collateral estoppel because this court had expressly rejected it in our 2018 decision. Alternatively, the State asserted that the trial court had made the findings related to defendant's youth and its attendant characteristics, as required by *Miller*. At the hearing on its motion to dismiss, the State contended, among other things, that the petition should not have advanced to the second stage because we had already decided the *Miller* claim.

¶ 7     In response to the State's motion to dismiss, postconviction counsel argued, in part, that this court's 2018 decision predated *Buffer* and other "new law about juveniles." Counsel added that this court's 2018 decision never reached the issue of whether, after considering the relevant factors related to defendant's youth, the sentencing court needed to find that defendant was incorrigible and incapable of rehabilitation before imposing a *de facto* life sentence.

¶ 8     In dismissing the petition, the trial court found that, based on this court's 2018 decision on appeal from the dismissal of defendant's first successive petition, defendant's claim under *Miller* was barred by both *res judicata* and collateral estoppel, notwithstanding that *Buffer* was decided

after our decision. The court further found that the sentencing court had considered the relevant age-related factors required by *Miller*. Accordingly, because defendant failed to make a substantial showing of a constitutional violation, the court granted the motion to dismiss. Defendant, in turn, filed this timely appeal.

¶ 9                                II. ANALYSIS

¶ 10    On appeal, defendant contends that postconviction counsel failed to comply with Rule 651(c) in that he did not amend defendant's *pro se* petition to address potential procedural bars to defendant's claims. The State responds that we should affirm the dismissal because (1) defendant did not make a showing of cause and prejudice sufficient to justify a successive petition and (2) postconviction counsel substantially complied with Rule 651(c).

¶ 11    Under the Act, a defendant may collaterally attack a conviction or sentence by asserting that it resulted from a substantial denial of his constitutional rights. 725 ILCS 5/122-1 *et seq.* (West 2020); *People v. Tate*, 2012 IL 112214, ¶ 8. However, the Act contemplates filing only one postconviction petition, and successive petitions are disfavored. *People v. Johnson*, 2019 IL App (1st) 153204, ¶ 31. A defendant seeking to file a successive postconviction petition must first obtain leave of court. *People v. Edwards*, 2012 IL 111711, ¶ 24. To obtain such leave, the petition must state a colorable claim of actual innocence or establish cause and prejudice. *Johnson*, 2019 IL App (1st) 153204, ¶ 32. When a trial court grants a defendant leave to file a successive postconviction petition, the petition is effectively advanced to the second stage of the proceedings. *Johnson*, 2019 IL App (1st) 153204, ¶ 32.

¶ 12    At the second stage, the trial court may appoint counsel for the defendant, and counsel may amend the petition. *Johnson*, 2019 IL App (1st) 153204, ¶ 33. The State may file a motion to dismiss or answer the petition. *Johnson*, 2019 IL App (1st) 153204, ¶ 33. If the State moves to

dismiss, the trial court must determine whether the petition and accompanying documents make a substantial showing of a constitutional violation. *Johnson*, 2019 IL App (1st) 153204, ¶ 33. The court must take as true all well-pled facts that are not positively rebutted by the trial record. *Johnson*, 2019 IL App (1st) 153204, ¶ 33. It is the defendant's burden to make a substantial showing of a constitutional violation. *Johnson*, 2019 IL App (1st) 153204, ¶ 33. If the petition and supporting documents do not make such a showing, the court dismisses the petition. *Johnson*, 2019 IL App (1st) 153204, ¶ 33. We review *de novo* the court's dismissal of a petition at the second stage. *Johnson*, 2019 IL App (1st) 153204, ¶ 33.

¶ 13    The Act requires only a reasonable level of assistance by counsel during postconviction proceedings. *People v. Moore*, 189 Ill. 2d 521, 541 (2000). To ensure a reasonable level of assistance, Rule 651(c) requires appointed counsel to (1) consult with the defendant by mail or in person to determine the defendant's claims of constitutional deprivation, (2) examine the record of the challenged proceedings, and (3) make any amendments to the *pro se* petition necessary for an adequate presentation of defendant's claims. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Rule 651(c) ensures that postconviction counsel shapes a defendant's allegations into a proper legal form and then presents them to the court. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 18. Rule 651(c) does not obligate counsel to present additional issues not raised in the *pro se* petition. *People v. Pendleton*, 223 Ill. 2d 458, 475-76 (2006). Counsel's substantial compliance with the rule is sufficient. *Profit*, 2012 IL App (1st) 101307, ¶ 18.

¶ 14    When postconviction counsel files a Rule 651(c) certificate, there is a rebuttable presumption that he provided reasonable assistance of counsel. *People v. Jones*, 2011 IL App (1st) 092529, ¶ 23. A defendant has the burden to overcome that presumption by demonstrating that

postconviction counsel failed to substantially comply with the duties required by Rule 651(c). *Profit*, 2012 IL App (1st) 101307, ¶ 19.

¶ 15    Here, postconviction counsel certified that he complied with Rule 651(c). That certification created a rebuttable presumption that counsel complied with Rule 651(c). However, to rebut that presumption, defendant asserts that counsel should have amended his petition to include an allegation that his successive petition was not procedurally barred. We disagree.

¶ 16    Although postconviction counsel did not amend the *pro se* petition to include an argument as to why the *Miller*/*Buffer* claim was not procedurally barred, that issue was not ripe until the State raised it in its motion to dismiss. Postconviction counsel was not required to anticipate that the State would raise such a procedural bar. It was reasonable to wait to address the issue after the State asserted it in its motion to dismiss.

¶ 17    Further, notwithstanding postconviction counsel's failure to amend the petition to avoid any potential procedural bar, the trial court addressed whether our 2018 decision barred defendant's *Miller*/*Buffer* claim. The court thoroughly considered that issue and ruled that the claim was barred by *res judicata* and collateral estoppel. Thus, the claim would have failed even if postconviction counsel attempted to avoid the procedural bar via the amended petition.

¶ 18    Moreover, we agree with the trial court's ruling that defendant's *Miller*/*Buffer* claim was procedurally barred by our 2018 decision. The preclusion doctrines of *res judicata*, collateral estoppel, and law of the case prevent a defendant from taking two bites out of the same appellate apple. *People v. Tenner*, 206 Ill. 2d 381, 395 (2002). Specifically, the law-of-the-case doctrine bars relitigating an issue already decided in the same case. *Tenner*, 206 Ill. 2d at 395. Collateral estoppel bars relitigating an issue already decided in a prior case. *Tenner*, 206 Ill. 2d at 396. Collateral estoppel has three requirements: (1) a court rendered a final judgment in the prior case,

(2) the party against whom estoppel is asserted was a party or privy in the prior case, and (3) the issue decided in the prior case is identical with the one presented in the instant case. *Tenner*, 206 Ill. 2d at 396.

¶ 19    Here, in the appeal from the dismissal of defendant's second postconviction petition, we considered his 45-year prison sentence as if it were a *de facto* life sentence and applied the *Miller* factors as recognized in *Holman*. See *Quezada*, 2018 IL App (2d) 170738-U, ¶¶ 23-24. In doing so, we held that there was adequate evidence at the sentencing regarding defendant's youth and its attendant characteristics and that the trial court sufficiently considered that evidence, thereby satisfying the *Miller* test. *Quezada*, 2018 IL App (2d) 170738-U, ¶¶ 24-25. Accordingly, we have already decided that defendant's prison sentence did not violate *Miller* and its progeny. Thus, that claim is procedurally barred.[1]

¶ 20    We recognize that *Buffer* was decided after our 2018 decision in this case. However, the significance of *Buffer* was its holding that a prison sentence of more than 40 years for a juvenile constitutes a *de facto* life sentence. *Buffer*, 2019 IL 122327, ¶ 42. Beyond that, *Buffer* added nothing to the law related to *Miller*. The only potential benefit to defendant here is that *Buffer* extended the holding of *Miller* to his sentence. However, as discussed, our 2018 decision assessed defendant's sentence as though it were a *de facto* life sentence and applied the *Miller* factors accordingly. Thus, *Buffer* does not alter our prior decision.[2]

---

[1]Even if defendant's claim were not procedurally barred, we would hold that, for the reasons stated in our prior decision, he did not make a substantial showing that his sentence violated *Miller*.

[2]To the extent that defendant's claim is based on the failure of the sentencing court to

¶ 21 Although defendant relies on *People v. Turner*, 187 Ill. 2d 406 (1999), that case is distinguishable. In *Turner*, postconviction counsel failed to allege in an amended petition to avoid dismissal based on waiver that trial counsel was ineffective for not raising the claims at trial. *Turner*, 187 Ill. 2d at 413. Because counsel (1) failed to make that "routine amendment," (2) omitted essential elements of the defendant's claims, and (3) included virtually no evidentiary support, the supreme court held that counsel provided unreasonable assistance. *Turner*, 187 Ill. 2d at 414. Here, unlike in *Turner*, the only way that defendant claims postconviction counsel provided unreasonable assistance was in failing to address procedural bars in the amended petition. However, as discussed, the trial court addressed the issue of procedural bars and correctly determined that defendant's *Miller*/*Buffer* claim was barred by our 2018 decision. Thus, *Turner* does not support defendant's position.

¶ 22 Because we affirm on the foregoing basis, we need not reach the State's alternative contention that the trial court should have dismissed the successive petition based on defendant's failure to establish cause and prejudice.

¶ 23                     III. CONCLUSION

¶ 24 For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 25 Affirmed.

---

specifically find that he was incorrigible before imposing a *de facto* life sentence, that claim lacks merit. See *Jones v. Mississippi*, 593 U.S. ___, ___, 141 S. Ct. 1307, 1318-19 (2021); *People v. Dorsey*, 2021 IL 123010, ¶ 40 (discussing effect of *Jones*).

2022 IL App (2d) 210076

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kane County, No. 99-CF-398; the Hon. John A. Barsanti, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Lilien, and Ann Fick, of State Appellate Defender's Office, of Elgin, for appellant. |
| **Attorneys for Appellee:** | Jamie L. Mosser, State's Attorney, of St. Charles (Patrick Delfino, Edward R. Psenicka, and Victoria E. Jozef, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |