NOTICE

Decision filed 05/12/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220159-U

NO. 5-22-0159

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 15-CF-769 |
| | ) | |
| GREGORY NELSON, | ) | Honorable |
| | ) | Julie K. Katz, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Vaughan and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's dismissal of the defendant's amended postconviction petition is affirmed where the defendant has forfeited his substantive challenge to the application of a 20-year firearm enhancement to his sentence by failing to raise this issue in his amended postconviction petition.

¶ 2    In March 2022, the circuit court of St. Clair County granted the State's motion to dismiss the defendant, Gregory Nelson's, amended postconviction petition during the second stage of proceedings under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). The defendant appeals this dismissal, arguing that the court's order should be reversed and this case remanded for a third-stage evidentiary hearing because he made a substantial showing that both his trial and appellate counsel were ineffective for failing to challenge the impermissible

1

application of the 20-year firearm enhancement to the already enhanced sentencing range for attempted murder of a peace officer. For the reasons that follow, we affirm.

¶ 3                                                    I. BACKGROUND

¶ 4        In August 2016, the trial court found the defendant guilty of attempted first degree murder of a police officer and aggravated discharge of a firearm. Subsequently, in October 2016, the court merged the defendant's aggravated discharge of a firearm conviction with his attempted first degree murder conviction and sentenced him to a 50-year term of imprisonment on the latter. On direct appeal, this court affirmed the judgment of the circuit court. *People v. Nelson*, 2019 IL App (5th) 160464-U.

¶ 5        On May 18, 2020, the defendant filed a *pro se* motion for extension of time to file a postconviction petition because his access to the prison law library was limited due to the COVID-19 pandemic. The trial court never ruled on this motion. On February 3, 2021, the defendant filed a *pro se* postconviction petition, asserting, *inter alia*, the following:

> "The trial court erred when it allowed the State to argue or present an enhancement in open court without tendering to me/defendant written notice of its desire to seek an enhanced sentence. I wasn't able to argue the constitutionality of the enhancement because it wasn't in written form but presented abruptly in open court. *** According to *** 725 ILCS 5/111-3(b) the State [was supposed] to provide me written notice if they [were] seeking an enhance[d] sentence [and] this resulted in a[n] *Apprendi* violation."

¶ 6        On February 4, 2021, the trial court entered an order, finding that the defendant had stated the gist of at least one constitutional claim, docketing the petition for second-stage proceedings, and appointing counsel. On September 21, 2021, the defendant's postconviction counsel filed an amended petition for postconviction relief, in which counsel argued, *inter alia*, the following:

> "The trial court improperly allowed the State to argue and present an enhancement in open court without tendering to [the defendant] written notice of its desire to seek an enhanced sentence, in violation of 725 ILCS 5/111-3(c). [The defendant] was unable to argue the constitutionality of the enhancement because it was not in written form, but rather, presented abruptly in open court."

2

The amended petition also argued that trial counsel was ineffective for failing to raise the issues contained in the amended postconviction petition in a posttrial motion and appellate counsel was ineffective for failing to raise these issues in the defendant's direct appeal.

¶ 7    On November 10, 2021, the State filed a motion to dismiss the defendant's amended postconviction petition because it was untimely and the delay in filing was due to the defendant's culpable negligence.   Alternatively, the State argued, in pertinent part, that the defendant's postconviction claim regarding the sentence enhancement was not supported by the record. Specifically, the State argued that the defendant did not point to anything in the record showing that an enhancement was improperly presented.  The State noted that, during sentencing, it argued that the defendant's criminal history could be considered as an aggravating factor.  The State also noted that a sentence enhancement was included in the criminal complaint filed against the defendant in that the complaint alleged that the defendant was previously convicted of aggravated vehicular homicide.  Thus, the State argued that the inclusion of the enhancement in the complaint satisfied the requirements of section 111-3(c) of the Code of Criminal Procedure of 1963 (725 ILCS 5/111-3(c) (West 2020)).  The State also argued that appellate counsel was not ineffective for failing to raise this issue on direct appeal.   On February 28, 2022, the defendant's postconviction counsel filed a certificate of compliance under Illinois Supreme Court Rule 651(c) (eff. July 1, 2017).

¶ 8    Following a hearing on the motion to dismiss, on March 3, 2022, the trial court entered a written order, finding that the delay in filing the postconviction petition was not the result of the defendant's culpable negligence.  As for the merits of the petition, the court found that many of the arguments brought in the amended petition were barred by *res judicata* or were forfeited because they were not raised on appeal.  The court also found that the remaining arguments had

3

no merit for the reasons set forth in the State's motion to dismiss. Thus, the court concluded that the defendant failed to establish that he suffered a substantial denial of his constitutional rights and granted the State's motion to dismiss. The defendant appeals.

¶ 9                                    II. ANALYSIS

¶ 10    The Act provides a three-stage procedure for a petitioner alleging substantial deprivations of his constitutional rights. *People v. Hodges*, 234 Ill. 2d 1, 9-10 (2009). At the first stage, the trial court, without input from the State or further pleadings from petitioner, determines if the petition is frivolous or patently without merit. *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). If the petition is not dismissed at this stage, then it advances to the second stage where counsel may be appointed to indigent petitioners (725 ILCS 5/122-4 (West 2020)) and where the State is permitted to file a motion to dismiss or an answer to the petition (*id.* § 122-5). *Hodges*, 234 Ill. 2d at 10-11. At this stage, the court must determine whether the petition makes a substantial showing of a constitutional violation. *People v. Edwards*, 197 Ill. 2d 239, 246 (2001). If petitioner satisfies his burden of making a substantial showing of a constitutional violation, then the petition advances to a third-stage evidentiary hearing. *Id.* However, if no such showing is made, then the petition is dismissed. *Id.* The second-stage dismissal of a postconviction petition is subject to *de novo* review. *People v. Chears*, 389 Ill. App. 3d 1016, 1024 (2009).

¶ 11    Here, the defendant argues that the trial court erred in dismissing his amended postconviction petition at the second stage of the postconviction proceedings and asks this court to reverse the trial court's dismissal and remand this case for a third-stage evidentiary hearing. Specifically, the defendant contends that he made a substantial showing that his trial and appellate counsel were ineffective for failing to challenge the impermissible application of a 20-year firearm enhancement to his already enhanced sentencing range for attempted murder of a police officer.

4

Also, the defendant argues that his postconviction counsel rendered unreasonable assistance by failing to shape this claim into the proper legal form. In response, the State asserts that the defendant has forfeited this claim by raising it for the first time in this appeal and failing to include it in his amended postconviction petition. We agree with the State.

¶ 12    Although allegations in a postconviction petition are to be construed liberally (*People v. Coleman*, 183 Ill. 2d 366, 382 (1998)), our supreme court has held that a claim not raised in a postconviction petition may not be asserted for the first time on appeal. *People v. Jones*, 213 Ill. 2d 498, 505 (2004). The appellate court lacks authority to excuse an appellate forfeiture caused by the failure of a litigant to include issues in his postconviction petition. *People v. Reed*, 2014 IL App (1st) 122610, ¶ 43. However, arguments are generally not forfeited when the assertions in the postconviction petition bear some relationship to the arguments raised on appeal. *People v. Thomas*, 2014 IL App (2d) 121001, ¶ 87.

¶ 13    In response to the State's forfeiture argument here, the defendant acknowledges that, in his *pro se* and amended postconviction petitions, this issue was framed in terms of lack of notice for sentencing enhancements rather than as a substantive challenge to those enhancements. However, he notes that he had also argued that, because of a lack of notice, he had been unable to challenge the constitutionality of the sentencing enhancement. Consequently, he contends that, on appeal, he has not raised an entirely distinct and contradictory legal theory for why the sentencing enhancements were improper and that the argument on appeal was sufficiently similar to the argument raised in the postconviction proceedings: the impropriety of the imposed sentencing enhancements.

¶ 14    The defendant argues that this case is similar to *People v. Thomas*, 2014 IL App (2d) 121001, and *People v. Williams*, 2021 IL App (1st) 191615. In *Thomas*, defendant was convicted

5

of first degree murder. *Thomas*, 2014 IL App (2d) 121001, ¶ 1. On direct appeal, defendant unsuccessfully argued that the trial court erred in excluding the confession of an incarcerated minor to the murder at issue. *Id.* In his *pro se* postconviction petition, defendant argued that appellate counsel was ineffective because he failed to raise as error on appeal trial counsel's failure to investigate and present evidence of the minor's confession. *Id.* ¶¶ 2, 53. Defendant also noted that the minor had confessed to committing the murder for which defendant was accused to a jailhouse chaplain and that the trial court had suppressed the minor's confession to the chaplain. *Id.* ¶¶ 53, 61. Further, the petition alleged that, had the minor's statement to the detectives been corroborated by other evidence, the result of the proceedings would have been different. *Id.* The trial court dismissed the petition as frivolous and patently without merit. *Id.* ¶ 3.

¶ 15    On appeal from the summary dismissal, defendant argued that appellate counsel was ineffective for failing to argue that the trial court erred in suppressing the minor's conversations with the jailhouse chaplain and for failing to argue that the chaplain's testimony would have corroborated the minor's statement to the detectives. *Id.* The State responded that defendant forfeited this argument because his postconviction petition focused on the minor's statement to the detectives, not to the chaplain, and attributed the error to trial counsel, not the trial court. *Id.* ¶ 4. However, the appellate court concluded that defendant had not forfeited his arguments raised on appeal. *Id.* ¶ 63. The court found that both the petition and the appellate brief sufficiently alleged that appellate counsel was ineffective for mishandling the admissibility of the minor's confessions to the detectives as well as the chaplain. *Id.* ¶ 5. In making this decision, the court noted that the forfeiture issue was a close one, but courts had a duty to construe *pro se* postconviction petitions liberally and to allow borderline petitions to proceed. *Id.* Accordingly, the court rejected the

State's forfeiture argument and ultimately concluded the *pro se* petition stated the gist of a constitutional claim. *Id.* ¶ 63.

¶ 16 Similarly, in *Williams*, defendant filed a *pro se* postconviction petition alleging his trial and appellate counsel were ineffective because they failed to challenge the use of his previous aggravated vehicular hijacking conviction as a qualifying predicate conviction for armed habitual criminal under *People v. Montgomery*, 47 Ill. 2d 510 (1971), because it was more than 10 years old. *Williams*, 2021 IL App (1st) 191615, ¶ 10. The circuit court summarily dismissed the petition, finding that it was frivolous and patently without merit. *Id.* ¶ 5. On appeal from the summary dismissal, defendant argued that his *pro se* petition sufficiently stated the gist of arguable claims of ineffective assistance of trial and appellate counsel for failing to challenge the use of the aggravated vehicular hijacking conviction as a predicate for his armed habitual criminal conviction. *Id.* ¶ 7. However, he abandoned his specific argument that *Montgomery* barred the use of the aggravated vehicular hijacking conviction. *Id.* Instead, he argued that, because the aggravated vehicular hijacking offense took place when he was a juvenile, the conviction was not a qualifying predicate offense for armed habitual criminal. *Id.*

¶ 17 After considering the State's argument that defendant's claim on appeal was forfeited, the appellate court concluded that the claim was sufficiently similar to the argument raised in the postconviction petition: ineffective assistance of trial and appellate counsel for failing to challenge the use of a prior conviction to support an armed habitual criminal conviction. *Id.* ¶ 15. The court noted that the factual basis of defendant's claim had not changed between the postconviction petition and the appeal because defendant had alleged in his petition that he was 17 years old at the time of the aggravated vehicular hijacking offense. *Id.* ¶ 12. Thus, the court found that defendant had not forfeited his appellate claim. *Id.* ¶ 15.

7

¶ 18     As made clear by the above cases, in determining whether a claim has been forfeited, we must compare the defendant's claims on appeal with the precise allegations in the postconviction petition, which is a highly fact-specific inquiry.  The defendant's *pro se* postconviction petition alleged that the trial court erred in allowing the State to present a sentence enhancement in open court without providing the requisite statutory written notice of its intent to seek an enhanced sentence.  The petition also alleged that, due to lack of notice, the defendant did not have an opportunity to argue the constitutionality of the enhancement because it was not in written form, but rather, was presented abruptly in open court.  He raised this same argument in his amended postconviction petition filed by appointed counsel.  The amended petition also argued that trial counsel was ineffective for failing to raise the issues contained in the amended postconviction petition in a posttrial motion and appellate counsel was ineffective for failing to raise these issues in his direct appeal.

¶ 19     In contrast, in this appeal, the defendant argues that he made a substantial showing of ineffective assistance of trial and appellate counsel for their failure to challenge the impermissible application of a 20-year firearm enhancement to his already enhanced sentencing range for attempted murder of a peace officer.  However, he does not argue that he lacked notice of the enhancement.

¶ 20     Despite the two claims not being inconsistent with each other and dealing with the same subject matter, *i.e.*, the enhancement of his sentence, they are different claims.  The defendant's amended postconviction petition, which was filed by appointed counsel, challenged whether he was given proper notice of the enhanced sentence, an issue of procedure.  Conversely, on appeal, he argues that he was given an impermissible double enhancement.  Although the amended petition argued that the defendant did not have an opportunity to challenge the constitutionality of the

8

enhancement, it was not until his appellate brief that he identified the actual constitutional challenge to the enhancement. Thus, the circuit court was not given the opportunity to review the constitutional claim that the defendant now raises on appeal, which is a prerequisite for our review on appeal.

¶ 21 Moreover, the defendant's postconviction counsel did not provide unreasonable assistance for failing to challenge the constitutionality of the enhancement. There is no constitutional right to counsel in postconviction proceedings. *People v. Moore*, 189 Ill. 2d 521, 541 (2000). Instead, a petitioner's right to postconviction counsel is wholly statutory, and under the Act, petitioners are entitled only to reasonable assistance of counsel. *People v. Mason*, 2016 IL App (4th) 140517, ¶ 19. Reasonable assistance is premised on counsel's compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). To ensure that reasonable level of assistance, Rule 651(c) requires postconviction counsel to (1) consult with petitioner to ascertain petitioner's contentions of constitutional deprivation, (2) examine the record of the trial proceedings, and (3) make any amendments to the *pro se* petition necessary for an adequate presentation of petitioner's constitutional contentions. The filing of a Rule 651(c) certificate creates a rebuttable presumption that postconviction counsel acted reasonably and that petitioner received the representation required by the rule. *People v. Quezada*, 2022 IL App (2d) 210076, ¶ 14. We review counsel's compliance with Rule 651(c) *de novo*. *Mason*, 2016 IL App (4th) 140517, ¶ 19.

¶ 22 Postconviction counsel's duty under Rule 651(c) is to shape petitioner's claims into proper legal form and present them to the trial court. *Quezada*, 2022 IL App (2d) 210076, ¶ 13. Rule 651(c) does not obligate counsel to present additional issues not raised in the *pro se* petition. *Id*. Postconviction counsel is only required to investigate and properly present petitioner's constitutional claims. *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006). Although postconviction

9

counsel may conduct a broader examination of the record and may raise additional issues that were not raised in the *pro se* petition, there is no obligation to do so. *Id*. at 476. A postconviction petitioner is not entitled to advocacy of counsel for exploration, investigation, and formulation of potential postconviction claims. *People v. Davis*, 156 Ill. 2d 149, 163 (1993). Accordingly, postconviction counsel only has a duty to adequately present the claims raised by petitioner in his *pro se* postconviction petition. *Id*. at 164.

¶ 23 In this case, postconviction counsel submitted a compliant Rule 651(c) certificate, and thus the rebuttable presumption arises that postconviction counsel provided reasonable assistance. However, on appeal, the defendant contends that his postconviction counsel failed to properly shape his postconviction claims. Specifically, the defendant contends that counsel did not add any clarifying facts about which sentencing enhancements were at issue or what the challenge to those enhancements would have been and that counsel failed to cite any of the controlling precedent on the issue. In making this argument, the defendant acknowledges that postconviction counsel generally does not have an obligation to add new claims to an amended petition, but he argues that counsel did not provide reasonable assistance by failing to address a meritorious argument about the impropriety of the sentencing enhancements while continuing to pursue a meritless claim about the lack of proper notice.

¶ 24 However, as previously noted, although postconviction counsel had a duty to shape the defendant's postconviction claims, including the defendant's claim about lack of notice, into proper legal form and present them to the trial court, counsel did not have a duty to raise claims not brought in the *pro se* postconviction petition. As we have already concluded that the constitutional challenge to the sentencing enhancement was not brought in the defendant's *pro se* petition, we find that postconviction counsel's failure to include this claim in the amended petition

10

did not amount to unreasonable assistance of counsel. Thus, we conclude that the defendant has failed to overcome the presumption that counsel substantially complied with Rule 651(c), and we affirm the dismissal of his amended postconviction petition.

¶ 25                                    III. CONCLUSION

¶ 26    For the foregoing reasons, we affirm the judgment of the circuit court of St. Clair County.


¶ 27    Affirmed.