2024 IL App (2d) 210076-B
No. 2-21-0076
Opinion filed February 1, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 99-CF-398 |
| RICKEY L. QUEZADA, | ) ) ) | Honorable John A. Barsanti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Presiding Justice McLaren and Justice Schostok concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant, Rickey L. Quezada, appeals from the judgment of the circuit court of Kane County dismissing his successive postconviction petition at the second stage. See 725 ILCS 5/122-1(f) (West 2020). He argues that his postconviction counsel provided unreasonable assistance by failing to amend his *pro se* petition to assert that his claim that his sentence violated *Miller v. Alabama*, 567 U.S. 460 (2012), was not barred by our 2018 decision in this case (see *People v. Quezada*, 2018 IL App (2d) 170738-U) under the doctrines of *res judicata* and collateral estoppel. In our original opinion in this present appeal, we held that postconviction counsel was not unreasonable in failing to amend the petition to assert that procedural bars did not apply to defendant's *Miller* claim (see *People v. Quezada*, 2022 IL App (2d) 210076, ¶ 16). Thereafter,

defendant filed a petition for leave to appeal. The supreme court denied the petition but, by its supervisory authority, directed us to vacate our judgment and "consider the effect of [the] Court's opinion in *People v. Addison*, 2023 IL 127119, on the issue of whether defendant received reasonable assistance of post-conviction counsel and determine if a different result is warranted." *People v. Quezada*, No. 128753 (Ill. Sept. 27, 2023) (supervisory order). On our own motion, we ordered the parties to submit supplemental briefs on *Addison*'s applicability to this case. Having received those briefs, we issue this new opinion. We again conclude that postconviction counsel was not unreasonable in failing to amend the petition to address procedural bars, because (1) at the hearing on the State's motion to dismiss the petition, postconviction counsel argued that the procedural bars raised by the State in its motion did not apply to defendant's *Miller* claim and (2) in its ruling, the trial court discussed the procedural bars raised by the State and correctly found that our 2018 decision did not preclude defendant's *Miller* claim. Therefore, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3     Defendant was convicted, following a jury trial, of first degree murder (720 ILCS 5/9-1(a)(1) (West 1998)) and sentenced to 45 years' imprisonment. This court affirmed on direct appeal both his conviction and sentence. See *People v. Quezada*, 335 Ill. App. 3d 233 (2002). In July 2003, defendant filed his initial postconviction petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2002)), the denial of which we affirmed. See *People v. Quezada*, No. 2-04-0301 (2005) (unpublished order under Illinois Supreme Court Rule 23). On May 30, 2017, defendant moved for leave to file a successive postconviction petition (725 ILCS 5/122-1(f) (West 2016)). In his proposed petition, defendant, who was a juvenile when he committed the offense, contended that his 45-year prison sentence was a *de facto* life sentence that had been imposed without proper consideration of his youth and its attendant characteristics, as

required by *Miller*. The trial court denied the motion for leave to file a successive postconviction petition, as defendant had not shown the required prejudice, and defendant appealed.

¶ 4    On appeal, we addressed whether defendant had shown prejudice that would justify filing a successive postconviction petition. We noted that the case law had not settled whether a discretionary term-of-years sentence (such as defendant received) might constitute a *de facto* life sentence and, thus, trigger *Miller*'s protections. *Quezada*, 2018 IL App (2d) 170738-U, ¶ 22. Nonetheless, recognizing that a decision on the issue might "soon be forthcoming" because leave to appeal had recently been granted in *People v. Buffer*, 2017 IL App (1st) 142931, we considered the sentence as if it were a *de facto* life sentence. *Quezada*, 2018 IL App (2d) 170738-U, ¶¶ 22-23. We then addressed whether defendant's " '*de facto*' life sentence" violated *Miller*. *Quezada*, 2018 IL App (2d) 170738-U, ¶ 23. In doing so, we noted that the sentencing hearing record showed that the trial court had considered "most of the factors" under *Miller*, as identified in *People v. Holman*, 2017 IL 120655, ¶ 46. See *Quezada*, 2018 IL App (2d) 170738-U, ¶ 24. In that regard, we pointed out that defendant's age at the time of the offense "was the subject of repeated argument and evidence, and the court found that defendant's youthfulness constituted a non-statutory mitigating factor." *Quezada*, 2018 IL App (2d) 170738-U, ¶ 24. We next observed that there was evidence concerning defendant's close-knit family, including testimony from his grandfather, mother, and aunt. *Quezada*, 2018 IL App (2d) 170738-U, ¶ 24. The trial court had also made findings concerning defendant's participation in the offense, noting that, although there had been peer pressure related to defendant's gang affiliation, he had primarily undertaken the murder alone. *Quezada*, 2018 IL App (2d) 170738-U, ¶ 24. As for defendant's capacity to deal with police and prosecutors, the court was aware of his prior experience with the court system, including his prior delinquency, probation, and court appearances. *Quezada*, 2018 IL App (2d) 170738-U, ¶ 24. We

further noted that the court had heard evidence regarding defendant's prospects for rehabilitation and had made explicit findings. *Quezada*, 2018 IL App (2d) 170738-U, ¶ 24. Lastly, we emphasized that, after considering all sentencing factors, "including factors attendant to youth," the court determined that a 45-year sentence was appropriate. *Quezada*, 2018 IL App (2d) 170738-U, ¶ 24. Thus, we held that defendant failed to make a *prima facie* showing of prejudice sufficient to justify a successive postconviction petition because, assuming that *Miller* applied, the trial court "sufficiently considered the requisite factors attendant to defendant's youth before imposing" the sentence. *Quezada*, 2018 IL App (2d) 170738-U, ¶ 25.

¶ 5 On July 2, 2020, defendant filed another motion for leave to file a successive postconviction petition (725 ILCS 5/22-1(f) (West 2020)). In the accompanying postconviction petition, defendant alleged, among other things, that his 45-year discretionary prison sentence constituted a *de facto* life sentence under *People v. Buffer*, 2019 IL 122327, thereby entitling him to a new sentencing hearing under *Miller*. The trial court did not explicitly grant leave to file a successive postconviction petition; instead, it appointed counsel and advanced the petition to the second stage.[1] Counsel, in turn, filed an amended petition, in which he incorporated defendant's claim that his sentence was a *de facto* life sentence under *Buffer* and added an argument that a finding of incorrigibility was required before imposing such a sentence. Counsel also filed a certificate under Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), asserting that he had (1) reviewed the *pro se* petition; (2) examined the record, including the transcripts of the trial and

---

[1]In our view, when the trial court advanced the petition to the second stage, it implicitly granted leave to file a successive postconviction petition.

sentencing; and (3) consulted with defendant by mail and telephone to the extent necessary to adequately represent defendant's contentions of error.

¶ 6     The State moved to dismiss the amended petition, contending, in part, that the *Miller* claim was barred by *res judicata* or collateral estoppel because this court had expressly rejected the claim in our 2018 decision. Alternatively, the State asserted that the trial court had made *Miller*'s required findings related to defendant's youth and its attendant characteristics. At the hearing on its motion to dismiss, the State contended, among other things, that the petition should not have advanced to the second stage because we had already decided the *Miller* claim.

¶ 7     Postconviction counsel did not submit a *written* response to the State's motion to dismiss, instead "leaving it for argument." Nor did counsel attempt to amend the petition to address points the State raised. At the hearing on the motion, counsel argued, in part, that because this court's 2018 decision predated *Buffer*, we could not have relied on *Buffer* or any of the "new law about juveniles." Counsel also extensively argued that our 2018 decision was incorrect in concluding that the sentencing court, in imposing a *de facto* life sentence, effectively considered the age-related sentencing factors that *Buffer* ultimately set forth. Counsel added that this court's 2018 decision never reached the issue of whether, after considering the relevant factors related to defendant's youth, the sentencing court also needed to find that defendant was incorrigible and incapable of rehabilitation before imposing a *de facto* life sentence.

¶ 8     In dismissing the postconviction petition, the trial court found that, based on this court's 2018 decision, defendant's claim under *Miller* was barred by both *res judicata* and collateral estoppel, notwithstanding that *Buffer* was issued after our decision. The court further found that the sentencing court had considered the relevant age-related factors required by *Miller*.

Accordingly, because defendant failed to make a substantial showing of a constitutional violation, the trial court granted the motion to dismiss. Defendant, in turn, filed this timely appeal.

¶ 9                                    II. ANALYSIS

¶ 10    On appeal, defendant asks us to reverse the dismissal of his amended petition. He contends that postconviction counsel failed to comply with Rule 651(c) in that he did not amend defendant's *pro se* petition (either before or after the State moved to dismiss) to address procedural bars to defendant's claims. The State responds that we should affirm the dismissal of the amended petition because (1) defendant did not make a showing of cause and prejudice sufficient to justify a successive petition and (2) postconviction counsel substantially complied with Rule 651(c).

¶ 11    Under the Act, a defendant may collaterally attack a conviction or sentence by asserting that it resulted from a substantial denial of his constitutional rights. 725 ILCS 5/122-1 *et seq.* (West 2020); *People v. Tate*, 2012 IL 112214, ¶ 8. However, the Act contemplates filing only one postconviction petition, and successive petitions are disfavored. *People v. Johnson*, 2019 IL App (1st) 153204, ¶ 31. A defendant seeking to file a successive postconviction petition must first obtain leave of court. *People v. Edwards*, 2012 IL 111711, ¶ 24. To obtain such leave, the petition must state a colorable claim of actual innocence or establish cause and prejudice. *Johnson*, 2019 IL App (1st) 153204, ¶ 32. When a trial court grants a defendant leave to file a successive postconviction petition, the petition is effectively advanced to the second stage of the proceedings. *Johnson*, 2019 IL App (1st) 153204, ¶ 32.

¶ 12    At the second stage, the trial court may appoint counsel for the defendant, and counsel may amend the petition. *Johnson*, 2019 IL App (1st) 153204, ¶ 33. The State may file a motion to dismiss or answer the petition. *Johnson*, 2019 IL App (1st) 153204, ¶ 33. If the State moves to dismiss, the trial court must determine whether the petition and accompanying documents make a

substantial showing of a constitutional violation. *Johnson*, 2019 IL App (1st) 153204, ¶ 33. The court must take as true all well-pled facts that are not positively rebutted by the trial record. *Johnson*, 2019 IL App (1st) 153204, ¶ 33. It is the defendant's burden to make a substantial showing of a constitutional violation. *Johnson*, 2019 IL App (1st) 153204, ¶ 33. If the petition and supporting documents do not make such a showing, the court dismisses the petition. *Johnson*, 2019 IL App (1st) 153204, ¶ 33. We review *de novo* the court's dismissal of a petition at the second stage. *Johnson*, 2019 IL App (1st) 153204, ¶ 33.

¶ 13    The Act requires only a reasonable level of assistance by counsel during postconviction proceedings. *People v. Moore*, 189 Ill. 2d 521, 541 (2000). To ensure a reasonable level of assistance, Rule 651(c) requires appointed counsel to (1) consult with the defendant by mail or in person to determine the defendant's claims of constitutional deprivation, (2) examine the record of the challenged proceedings, and (3) make any amendments to the *pro se* petition necessary for an adequate presentation of defendant's claims. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Rule 651(c) ensures that postconviction counsel shapes a defendant's allegations into a proper legal form and then presents them to the court. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 18. Rule 651(c) does not obligate counsel to present additional issues not raised in the *pro se* petition. *People v. Pendleton*, 223 Ill. 2d 458, 475-76 (2006). Counsel's substantial compliance with the rule is sufficient. *Profit*, 2012 IL App (1st) 101307, ¶ 18.

¶ 14    When postconviction counsel files a Rule 651(c) certificate, there is a rebuttable presumption that he provided reasonable assistance of counsel. *People v. Jones*, 2011 IL App (1st) 092529, ¶ 23. A defendant has the burden to overcome that presumption by demonstrating that postconviction counsel failed to substantially comply with the duties required by Rule 651(c). *Profit*, 2012 IL App (1st) 101307, ¶ 19.

¶ 15    Here, postconviction counsel certified that he complied with Rule 651(c). That certification created a rebuttable presumption that counsel complied with Rule 651(c). However, to rebut that defendant, asserts that the presumption was rebutted in that counsel should have amended his petition to include an allegation that his successive petition was not procedurally barred. We disagree.

¶ 16    Because the supreme court has directed us to consider the effect of *People v. Addison*, 2023 IL 127119, on our original opinion, we begin our analysis with a discussion of *Addison*. In *Addison*, the defendant filed a *pro se* postconviction petition contending that his trial counsel had been ineffective in several respects and that his appellate counsel had been ineffective in failing to raise trial counsel's ineffectiveness. *Addison*, 2023 IL 127119, ¶ 7. The trial court advanced the petition to the second stage and appointed counsel. *Addison*, 2023 IL 127119, ¶ 8. Postconviction counsel filed an amended petition that raised five claims of trial error. *Addison*, 2023 IL 127119, ¶ 8. The amended petition did not assert or allege any claims of ineffective assistance of appellate counsel. *Addison*, 2023 IL 127119, ¶ 8. Postconviction counsel also filed a Rule 651(c) certificate, stating that she had consulted with the defendant to ascertain his constitutional claims, had examined the court file and trial record, and had made any amendments necessary to adequately present defendant's claims. *Addison*, 2023 IL 127119, ¶ 8.

¶ 17    The State filed a motion to dismiss the amended petition, contending that the defendant's claims were forfeited because they could have been, but were not, raised on direct appeal. *Addison,* 2023 IL 127119, ¶¶ 9, 25. The motion further asserted that the defendant had failed to challenge appellate counsel's strategic decision not to raise those claims on direct appeal and that, alternatively, the claims lacked merit. *Addison*, 2023 IL 127119, ¶¶ 9, 25. Even after the State

raised forfeiture, postconviction counsel did not amend the petition to include an allegation of ineffective assistance of appellate counsel. *Addison*, 2023 IL 127119, ¶ 25.

¶ 18    At the hearing on the motion to dismiss, the State argued that the defendant's claims were forfeited because they had not been raised on direct appeal and the defendant had not asserted in the amended postconviction petition that the forfeiture should be excused because appellate counsel had been ineffective. *Addison*, 2023 IL 127119, ¶¶ 10, 25. Although postconviction counsel argued extensively as to why the motion to dismiss should be denied, she never once challenged the State's assertion that she had failed to allege ineffective assistance of appellate counsel. *Addison*, 2023 IL 127119, ¶¶ 10, 25.

¶ 19    After hearing the arguments of counsel, the only questions that the trial court had for postconviction counsel concerned the State's forfeiture argument. *Addison*, 2023 IL 127119, ¶ 11. Postconviction counsel's only response on the forfeiture issue was that she thought there was the " 'same oversight on the appellate level as the trial counsel had [made].' " *Addison*, 2023 IL 127119, ¶ 11.

¶ 20    The trial court granted the motion to dismiss, stating that the defendant was not entitled to an evidentiary hearing because he had not made a substantial showing of a constitutional violation. *Addison*, 2023 IL 127119, ¶ 12. The court's written order reiterated its oral finding. *Addison*, 2023 IL 127119, ¶ 12. Neither in open court nor in its written order did the court discuss the merits of the defendant's claims. *Addison*, 2023 IL 127119, ¶ 12.

¶ 21    The appellate court reversed, holding that postconviction counsel, notwithstanding her Rule 651(c) certificate, failed to provide reasonable assistance of counsel in that she neglected to avoid forfeiture by alleging that appellate counsel was ineffective for failing to raise the claims on direct appeal. *People v. Addison*, 2021 IL App (2d) 180545, ¶ 29. The supreme court allowed the

State's petition for leave to appeal. *Addison*, 2023 IL 127119, ¶ 15; see Ill. S. Ct. R. 315(a) (eff. Oct. 1, 2020).

¶ 22    In the supreme court, the State contended that (1) postconviction counsel was not required to pursue a meritless claim of ineffective assistance of appellate counsel and (2) even if postconviction counsel provided unreasonable assistance, the defendant was not entitled to a remand absent a showing of prejudice. *Addison*, 2023 IL 127119, ¶ 17. In rejecting the State's assertions, the supreme court held that postconviction counsel had failed to provide reasonable assistance where (1) she struck the claims of ineffective assistance of appellate counsel from the *pro se* petition; (2) she failed, in response to the motion to dismiss, to further amend the petition to include a claim of ineffective assistance of appellate counsel; and (3) at the hearing, she never countered the State's forfeiture argument. *Addison*, 2023 IL 127119, ¶ 25.

¶ 23    After holding that postconviction counsel had provided unreasonable assistance, the supreme court then considered whether postconviction counsel's unreasonable performance required a remand for compliance with Rule 651(c). *Addison*, 2023 IL 127119, ¶ 32. In holding that a remand was required, the court relied on its well-established case law that a violation of Rule 651(c) requires a remand without consideration of the merits of the petition's claims. *Addison*, 2023 IL 127119, ¶ 33 (citing *People v. Suarez*, 224 Ill. 2d 37, 47, 51-52 (2007)). Thus, while the defendant in fact suffered prejudice because the trial court found his claims to have been forfeited, it was, regardless, inappropriate to consider the merits of the petition when counsel failed to comply with Rule 651(c) by shaping the claims into the appropriate form. *Addison*, 2023 IL 127119, ¶ 42.

¶ 24    In this case, unlike in *Addison*, defendant did not rebut the presumption of reasonable assistance arising from postconviction counsel's submission of the Rule 651(c) certificate.

¶ 25    We begin with postconviction counsel's failure to include in the amended petition any allegations regarding the potential procedural bars of *res judicata* and collateral estoppel. Even after the State raised such bars in its motion to dismiss, counsel did not amend the petition. See *People v. Perkins*, 229 Ill. 2d 34, 49 (2007) (counsel can amend the petition again after the State files a motion to dismiss). Counsel should have amended the petition to address the preclusion issue because, as was held in *Perkins* and cited in *Addison*, compliance with Rule 651(c) includes making amendments to the petition necessary to overcome procedural bars. See *Addison*, 2023 IL 127119, ¶ 21 (citing *Perkins*, 229 Ill. 2d at 44). Still, we cannot say that counsel ultimately failed to provide reasonable assistance. In *Perkins*, postconviction counsel did not seek to amend the *pro se* petition to address the procedural bar of untimeliness after the State raised it in its motion to dismiss. *Perkins*, 229 Ill. 2d at 39-40, 51. Nonetheless, the *Perkins* court held that counsel provided reasonable assistance by adequately challenging the State's assertion of untimeliness at the hearing on the State's motion to dismiss. *Perkins*, 229 Ill. 2d at 50-53.

¶ 26    Just as in *Perkins*, and unlike in *Addison*, postconviction counsel here challenged the procedural bars raised by the State at the hearing on the State's motion to dismiss.[2] Specifically, counsel here countered the State's reliance on the procedural bars by arguing that this court's 2018 decision did not preclude consideration of the claims in the amended petition because *Buffer* and other "new law about juveniles" was decided after our 2018 decision. Counsel further asserted that our decision never reached the incorrigibility issue. Thus, irrespective of counsel's failure to allege

---

[2]In his opening brief, defendant asserts that postconviction counsel "never challenged the validity of [the procedural bar] argument in a response to the State's motion." This is clearly inaccurate, as postconviction counsel orally responded at the hearing.

in the amended petition any basis for avoiding the procedural bars raised in the motion to dismiss, counsel provided reasonable assistance by responding at the hearing to the State's reliance on the procedural bars.

¶ 27    Further, the trial court thoroughly addressed whether our 2018 decision barred defendant's *Miller* claim and concluded that the claim was barred by *res judicata* and collateral estoppel. Thus, the issue was adjudicated notwithstanding the amended petition's failure to address the issue.

¶ 28    Based on the foregoing, we conclude that, although postconviction counsel failed to amend the petition to include any allegations related to the procedural bars of *res judicata* and collateral estoppel, defendant was not denied the reasonable assistance of counsel, because counsel strenuously argued the issue at the hearing on the State's motion to dismiss and the court fully considered the issue in its ruling. Because this case differs from *Addison* in that material respect, *Addison* does not alter our original conclusion that postconviction counsel did not fail to provide reasonable assistance.[3]

¶ 29    Moreover, we agree with the trial court's ruling that our 2018 decision procedurally barred defendant's *Miller* claim. The preclusion doctrines of *res judicata*, collateral estoppel, and law of the case prevent a defendant from taking two bites out of the same appellate apple. *People v. Tenner*, 206 Ill. 2d 381, 395 (2002). Specifically, the law-of-the-case doctrine bars relitigating an issue already decided in the same case. *Tenner*, 206 Ill. 2d at 395. Collateral estoppel bars relitigating an issue already decided in a prior case. *Tenner*, 206 Ill. 2d at 396. Collateral estoppel has three requirements: (1) a court rendered a final judgment in the prior case, (2) the party against

---

[3]We note that, to the extent some language in our original opinion in this appeal arguably conflicted with *Addison*, we have deleted those portions, as they are not material to this disposition.

whom estoppel is asserted was a party or privy in the prior case, and (3) the issue decided in the prior case is identical with the one presented in the instant case. *Tenner*, 206 Ill. 2d at 396.

¶ 30    Here, in the appeal from the dismissal of defendant's second postconviction petition, we considered his 45-year prison sentence as if it were a *de facto* life sentence and applied the *Miller* factors as recognized in *Holman*. See *Quezada*, 2018 IL App (2d) 170738-U, ¶¶ 23-24. In doing so, we held that there was adequate evidence at the sentencing regarding defendant's youth and its attendant characteristics and that the trial court sufficiently considered that evidence, thereby satisfying the *Miller* test. *Quezada*, 2018 IL App (2d) 170738-U, ¶¶ 24-25. Accordingly, we have already decided that defendant's prison sentence did not violate *Miller* and its progeny. Thus, that claim is procedurally barred.

¶ 31    We recognize that *Buffer* was decided after our 2018 decision in this case. However, the significance of *Buffer* was its holding that a prison sentence of more than 40 years for a juvenile constitutes a *de facto* life sentence. *Buffer*, 2019 IL 122327, ¶ 42. Beyond that, *Buffer* added nothing to the law related to *Miller*. The only potential benefit to defendant here is that *Buffer* extended the holding of *Miller* to his sentence. However, as discussed, our 2018 decision assessed defendant's sentence as though it were a *de facto* life sentence and applied the *Miller* factors accordingly. Thus, *Buffer* does not have any effect on our prior decision.

¶ 32    For the foregoing reasons, we hold that, although postconviction counsel did not allege in the amended postconviction petition that defendant's claims were not procedurally barred, counsel provided reasonable assistance by strenuously arguing at the hearing on the motion to dismiss that the claims were not procedurally barred. Moreover, the trial court fully addressed, and correctly decided, the issue.

¶ 33    Because we affirm on the foregoing basis, we need not reach the State's alternative contention that the trial court should have dismissed the successive petition based on defendant's failure to establish cause and prejudice.

¶ 34                                   III. CONCLUSION

¶ 35    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 36    Affirmed.

*People v. Quezada*, **2024 IL App (2d) 210076-B**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kane County, No. 99-CF-398; the Hon. John A. Barsanti, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Lilien, and Ann Fick, of State Appellate Defender's Office, of Elgin, for appellant. |
| **Attorneys for Appellee:** | Jamie L. Mosser, State's Attorney, of St. Charles (Patrick Delfino, Edward R. Psenicka, and Victoria E. Jozef, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |