2024 IL App (1st) 221678-U

No. 1-22-1678

Order filed June 20, 2024

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 10 CR 586201 |
| | ) | |
| ROBERT MITCHELL, | ) | Honorable |
| | ) | Lawrence E. Flood, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE REYES delivered the judgment of the court.
Justices Lampkin and Van Tine concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the dismissal of defendant's postconviction petition at the second stage of proceedings as the petition was untimely and postconviction counsel provided reasonable assistance.

¶ 2    Defendant Robert Mitchell appeals the dismissal of his petition for relief filed under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (West 2022)) at the second stage of proceedings. On appeal, defendant argues that his appointed postconviction counsel failed to provide reasonable assistance, and violated Illinois Supreme Court Rule 651(c) (eff. July 1, 2017)

by not amending defendant's *pro se* petition to show that its untimely filing was not due to defendant's culpable negligence. We affirm.

¶ 3     Following a 2011 jury trial, defendant was found guilty of first degree murder and sentenced to 55 years in prison. The defense's theory of the case was that defendant was not the shooter. During opening statements at trial, defense counsel stated that defendant "came to the location, found a gun, knew where it was, handed his cousin the gun, and his cousin went and shot and killed the victim in this case."

¶ 4     The evidence showed that on the evening of November 14, 2009, the victim, Frederick Evans, and three others, Angelica Davis, Darantez Evans, and Laniece Mitchell, drove to a vacant lot at 57th Street and Normal Avenue in Chicago.[1] There, Darantez and Frederick joined a dice game while Davis and Laniece remained in the vehicle. Defendant's cousin, Patrick "Little Pat" Mitchell, was also playing dice, and argued with Frederick.[2] Darantez testified that Patrick complained about being cheated during the game and made a phone call. Defendant arrived soon thereafter. According to Darantez, Patrick became "rowdy" about getting his money back and threatened that "mother f*** going to get shot." Darantez, who had known defendant for about 12 years, observed defendant go to a barbeque grill and return with a firearm in his hand. Five to ten minutes later, Darantez heard gunshots and saw defendant shooting a firearm into an alley with Patrick beside him. Darantez ran into the alley and saw Frederick on the ground, bleeding. Angelica and Laniece testified to hearing gunshots and observing defendant shooting a firearm

---

[1] Because the victim and Darantez Evans share the same last name, and Laniece Mitchell shares the same last name with defendant, we refer to them by their first names.

[2] Because Patrick "Little Pat" Mitchell shares the same last name with defendant, we refer to him by his first name.

into the alley. Angelica, Darantez, and Laniece all identified defendant as the shooter in a photo array and a lineup. Forensic evidence identified defendant's palm print on the lid of the garbage can where the firearm was recovered.

¶ 5     Defendant testified that on the evening of the shooting, Patrick called him and asked him to come to the dice game because Patrick was having problems. Patrick did not ask defendant to bring anything to the dice game. Defendant arrived, retrieved a firearm from the area near a barbeque grill at Patrick's request, and handed the firearm to Patrick. Later, defendant and Patrick walked to an alley, where Patrick shot the firearm seven or eight times. Defendant did not see whom Patrick was aiming the firearm at and had not seen Frederick down the alley. After the shooting, they walked to a garbage can, defendant lifted the lid, and Patrick threw the firearm away. At that time, defendant did not know if anyone had been shot. Defendant acknowledged that, after his arrest, he told the assistant state's attorney that he was the shooter in a videotaped statement. He explained that he did not want Patrick to be charged with murder and "go down for the rest of his life," so he "stepped up to the plate because [they are] real close." Defendant denied shooting the firearm in the alley or that Patrick told him what he would do with the firearm after defendant handed it to him.

¶ 6     The jury found defendant guilty of first degree murder and that, during the commission of the offense, he personally discharged the firearm that proximately caused Frederick's death. Defendant was sentenced to 55 years in prison, consisting of a 30-year sentence and a 25-year firearm enhancement for discharging the firearm that proximately caused a death.

¶ 7     Defendant appealed. On November 22, 2013, we granted counsel leave to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), affirmed the judgment, and corrected

defendant's mittimus. *People v. Mitchell*, No. 1-12-0949 (2013) (unpublished summary order under Illinois Supreme Court Rule 23(c)). Defendant did not file a petition for leave to appeal to our supreme court.

¶ 8      On August 25, 2015, defendant filed *pro se* the postconviction petition now at issue, alleging that appellate counsel was ineffective for failing to raise a claim of ineffectiveness of trial counsel. He argued that trial counsel's concession in opening statements that defendant gave his cousin the firearm was an admission of guilt to first degree murder by accountability. On September 20, 2015, the court docketed the petition for second-stage proceedings and appointed postconviction counsel.

¶ 9      On February 27, 2019, defendant, through counsel from the Office of the Public Defender of Cook County, filed a supplemental petition. Counsel also filed a signed certificate pursuant to Rule 651(c), stating:

> "I have consulted with Petitioner, Robert Mitchell, by phone, mail, electronic means or in person to ascertain his contentions of deprivation of constitutional rights; I have examined the record of the proceedings at the trial; and I have made any amendments to the Petition previously filed that is necessary for an adequate presentation of Petitioner's contentions."

¶ 10    On August 21, 2019, the State filed a motion to dismiss the petition on untimeliness and other grounds, explaining that defendant had 35 days to seek review of this court's decision issued on November 22, 2013, he did not file a petition for review, and therefore, he had an additional 6 months to file his petition under the Act, or until June 27, 2014. The State noted that defendant failed to file a petition until August 14, 2015, almost 14 months late. The State argued that the

petition should be dismissed because defendant filed his petition late and did not demonstrate he lacked culpable negligence. As to the merits of defendant's claims, the State argued that the evidence was overwhelming that defendant was the shooter. The State also argued that defendant was unable to show that trial counsel was ineffective for conceding defendant's guilt by accountability where the jury found defendant was the actual shooter rather than the accomplice.

¶ 11    On February 26, 2020, a different appointed counsel, also from the Office of the Public Defender of Cook County, appeared on defendant's behalf. At subsequent hearings, replacement postconviction counsel informed the court that replacement counsel had contacted defendant, was examining the record, and was evaluating the need to file a response to the motion to dismiss. At a hearing on February 23, 2022, replacement counsel remarked that if a response to the motion to dismiss was not filed, then replacement counsel "more likely" would adopt prior counsel's Rule 651(c) certificate. At the next hearing, replacement counsel informed the court that counsel had reviewed the State's motion to dismiss and would not file a response.

¶ 12    On September 14, 2022, the court held a hearing on the State's motion to dismiss. The State argued that the petition was untimely, and defendant's ineffective assistance of counsel claims lacked merit. Replacement postconviction counsel argued that trial counsel was ineffective for telling the jury in opening statements that defendant brought the firearm, and defendant otherwise would have had a better chance of acquittal. In response to the court's inquiry about the State's untimeliness claim, replacement counsel responded that the "Defense cannot speak to those arguments made by the State."

¶ 13    On October 27, 2022, the court granted the State's motion to dismiss, finding that defendant's petition was untimely and failed to state a claim of ineffective assistance of appellate or trial counsel.

¶ 14    On appeal, defendant argues that his replacement postconviction counsel violated Rule 651(c) by failing to challenge the State's untimeliness claim. Defendant requests that we remand for further second-stage proceedings and the appointment of new counsel.

¶ 15    The Act provides a three-stage method for criminal defendants to challenge their convictions based on a substantial denial of their rights under the federal or state constitutions. 725 ILCS 5/122-1(a) (West 2018); *People v. Knapp*, 2020 IL 124992, ¶ 43. In the first stage of postconviction proceedings, the circuit court must determine whether a petition sets forth "sufficient facts to state the gist of a constitutional claim." *People v. Allen*, 2015 IL 113135, ¶ 24. If the petition moves to the second stage of proceedings, counsel is appointed for indigent petitioners and the State may file responsive pleadings. *People v. House*, 2021 IL 125124, ¶ 17. If the court determines that the petition and accompanying documentation demonstrate a "substantial showing" of a constitutional violation, the petition advances to the third stage for an evidentiary hearing. *People v. Dupree*, 2018 IL 122307, ¶ 28. If, at the second stage, the State moves to dismiss on the grounds that the petition was untimely filed and the petition was, in fact, untimely, the Act directs the court to dismiss the petition unless the defendant shows that his delay in filing was not due to culpable negligence. *People v. Perkins*, 229 Ill. 2d 34, 43 (2007) (citing 725 ILCS 5/122-1(c) (West 2022)). Here, the petition was dismissed at the second stage as untimely.

¶ 16    Under the Act, a petition in a noncapital case must be filed within 6 months after the 35 day period to file a petition for leave to appeal to the supreme court has passed. 725 ILCS 5/122-

1(c) (West 2022). A petition filed beyond the statutory timeframe must allege "facts showing that the delay was not due to [the defendant's] culpable negligence." 725 ILCS 5/122-1(c) (West 2022).

¶ 17    As noted, defendant did not file a petition for leave to appeal our order on direct appeal, which was filed on November 22, 2013. Thus, defendant had 6 months plus 35 days from this court's order to file his postconviction petition, or until June 27, 2014, unless he alleged facts showing the delay was not due to his culpable negligence. See 725 ILCS 5/122-1(c) (West 2022); *People v. Johnson*, 2017 IL 120310, ¶ 24.

¶ 18    Defendant concedes he untimely filed his petition on August 25, 2015, and therefore needed to allege facts showing that the delay was not due to his culpable negligence. He argues that remand is necessary because postconviction counsel violated Rule 651(c) by failing to amend the petition to make that required showing and the record does not demonstrate that counsel asked defendant why he untimely filed the petition.

¶ 19    The Act guarantees a defendant a "reasonable level" of assistance from counsel. *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006). Rule 651(c) outlines postconviction counsel's duties. *People v. Custer*, 2019 IL 123339, ¶ 32. Under Rule 651(c), postconviction counsel must (1) consult with petitioner to ascertain his contentions of deprivation of constitutional rights, (2) review the record of trial proceedings, and (3) make any amendments to the *pro se* petition "necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017); *People v. Suarez*, 224 Ill. 2d 37, 42-43 (2007).

¶ 20    The goal of Rule 651(c) is to ensure that postconviction counsel "shapes the petitioner's claims into proper legal form and presents [them] to the court." *Perkins*, 229 Ill. 2d at 43-44. Under the rule, counsel must amend an untimely *pro se* petition to allege any available facts showing that

the delay was not due to culpable negligence. *Id.* at 49. Counsel will generally discover any potential excuse for the delay in filing the petition through speaking with the defendant, but counsel "must also allege any excuse for the delay in filing apparent from the pleadings and the portions of the record counsel must review to present [the defendant]'s claims." *Id.* at 49-50.

¶ 21    Postconviction counsel's Rule 651(c) certificate creates a rebuttable presumption of reasonable assistance. *People v. Urzua*, 2023 IL 127789, ¶ 54. The defendant bears the burden of rebutting that presumption. *People v. Huff*, 2024 IL 128492, ¶ 23. To do so, the defendant must demonstrate that counsel failed to substantially comply with his or her duties under Rule 651(c). *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. We review a counsel's substantial compliance with Rule 651(c)'s requirements *de novo*. *People v. Smith*, 2020 IL App (1st) 181220, ¶ 13. If counsel failed to substantially comply with Rule 651(c), we must remand without addressing the petition's claims on the merits. *People v. Addison*, 2023 IL 127119, ¶ 33.

¶ 22    On this record, we find that remand is not warranted because defendant has not overcome the presumption that his replacement postconviction counsel substantially complied with Rule 651(c)'s requirements and provided reasonable assistance. *Profit*, 2012 IL App (1st) 101307, ¶ 19. This certificate, filed by defendant's original postconviction counsel, which replacement postconviction counsel acknowledged, substantially tracked the express requirements set forth in Rule 651(c).[3] In addition to the certificate, the record also shows that replacement counsel informed the court that she had consulted with defendant, was examining the record, and had reviewed the State's motion to dismiss, which incorporated the untimeliness claim. Ultimately,

_____

[3] See *People v. Smith*, 2022 IL 126940, ¶ 38 (subsequent counsel is not required to "independently demonstrate compliance with Rule 651(c) when all that remained for her to do upon assuming the role of second-stage postconviction counsel was orally argue against the State's motion to dismiss").

replacement counsel determined that a response was not warranted. As such, the record supports the presumption that replacement counsel's representation substantially complied with Rule 651(c)'s requirements.

¶ 23    Additionally, the record does not show any "available facts" demonstrating that defendant was not culpably negligent in his untimely filing that replacement counsel might have raised in the supplemental petition to overcome the procedural bar. See *Perkins*, 229 Ill. 2d at 37 (noting that a Rule 651(c) certificate requires counsel to amend a petition to allege "any available facts" showing a delay in filing was not due to the defendant's culpable negligence). Recently, our supreme court in *Huff* articulated that when postconviction counsel files a Rule 651(c) certificate noting that any necessary amendments to the petition were made, "[i]t is presumed from the lack of an amendment that there were none to be made." *Id.* ¶ 24 (citing *Perkins*, 229 Ill. 2d at 50). In light of *Huff*, we may presume, based on original postconviction counsel informing the court that counsel had reviewed the motion to dismiss raising an untimeliness claim and would amend the petition as "is necessary," that there were no amendments to be made. In addition, defendant does not identify any amendments which could have been made to overcome the untimeliness procedural bar and survive dismissal. *Id*.

¶ 24    Defendant, however, argues that counsel failed to fulfill her duty under Rule 651(c), because nothing in the record affirmatively shows that counsel asked why he did not timely file his petition. We disagree. As our supreme court noted in *Perkins*, "when an attorney files a certificate under Rule 651(c), the attorney is officially representing to the court that the duties listed in the certificate have been fulfilled." *Perkins*, 229 Ill. 2d at 51. As noted, replacement counsel acknowledged original postconviction counsel's certificate, and the certificate's

representation extends to assuring the court that counsel inquired of the defendant the reason for filing the petition late. See *id*. at 50.

¶ 25    In this case, the record is clear that replacement counsel knew of the State's untimeliness contentions, reviewed the motion to dismiss, and thereafter informed the court that a response would not be filed. Nothing in the record suggests that replacement counsel did not inquire of defendant regarding the basis for his delay in filing the petition. Defendant cannot simply point to silence in the record to rebut the presumption that replacement counsel fulfilled Rule 651(c)'s requirements. See *id.* (declining to "assume there was some other excuse counsel failed to raise for the delay in filing" where the record did not indicate that the "petitioner had any other excuse showing the delay in filing was not due to his culpable negligence").

¶ 26    On this record, we do not find replacement counsel's statement that the "defense cannot speak" to the untimeliness arguments advanced by the State demonstrates that counsel failed to inquire of defendant the basis for his untimely filing. Again, in light of the Rule 651(c) certificate, we presume from the lack of an amendment to the postconviction petition "that there were none to be made." *Huff*, 2024 IL 128492, ¶ 24. Also, defendant failed to rebut that presumption by identifying anything in the record that shows counsel failed to make a necessary amendment to the petition or suggest any amendment counsel could have made. We decline defendant's invitation to find that counsel's decision not to amend the *pro se* petition to address the petition's untimeliness was due to some deficiency in counsel's performance, rather than a factual inability to do so, where there was a facially valid Rule 651(c) certificate.

¶ 27    Finally, defendant contends that he received unreasonable assistance because replacement counsel should have moved to withdraw as counsel where counsel did not amend defendant's *pro*

*se* petition to defend against the petition's untimeliness, which would have allowed defendant to advance his postconviction claims *pro se* or through new counsel.

¶ 28     In this case, original counsel supplemented defendant's *pro se* petition, and replacement counsel later argued the merits of defendant's ineffective assistance of counsel claims at the hearing on the motion to dismiss. Counsel's decision, after reviewing the State's motion to dismiss, to stand on the petition, by itself does not support a claim of unreasonable assistance. See *id.* ¶ 30 (postconviction counsel has no duty to withdraw where the petitioner's *pro se* petition sets forth a weak legal claim that is presented to the court in the best possible legal form and there is no indication that counsel knew the claim to be frivolous); *People v. Bass*, 2018 IL App (1st) 152650, ¶ 20 ("whether appointed counsel elects to withdraw and inform the court of the reasons why the petition lacks merit or instead elects to stand on the *pro se* petition, the result is the same; defendant's unamended petition will be dismissed").

¶ 29     In sum, defendant has failed to overcome the presumption of reasonable assistance. Accordingly, we need not address the substance of defendant's claims in his petition where the petition was untimely and lack of culpable negligence was not established. See *Perkins*, 229 Ill. 2d at 41 (finding that "[u]nder the Act, a petitioner's claims cannot be presented if they are untimely and the petitioner has not alleged facts showing the delay in filing was not due to his culpable negligence").

¶ 30     For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 31     Affirmed.